Elizabeth Mercer, Appellant, v. William Stuart Mercer, Respondent.

*Divorce — allowance of counsel fee pendente lite — improper insertion in the judgment — enforcement by contempt proceedings.*

The right to enforce by proceedings as for a contempt compliance with an order made during the pendency of an action for divorce, requiring the husband to pay a certain sum as counsel fee to enable the wife to carry on the action, as provided by section 1769 of the Code of Civil Procedure, is not lost by reason of the fact that the order improperly provided that such allowance might be included in the final judgment in the action, to be enforced by execution, and that it was thereafter inserted in the judgment.

Appeal by the plaintiff, Elizabeth Mercer, from an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 14th day of April, 1893, denying the plaintiff's motion to punish the defendant as for a contempt of court.

*F. De Lysle Smith,* for the appellant.

*J. M. Ferguson,* for the respondent.

O'Brien, J. :

By the judgment in this case, it was decreed that plaintiff was entitled to an absolute divorce from the defendant, and in addition to other provisions, including the payment of a certain sum as permanent alimony, it provided that the defendant should pay to the plaintiff's attorney the sum of $500 as directed by the order of this court, " being the sum allowed by said order as a counsel fee to said plaintiff, and that said defendant give to the clerk of this court security for the payment of said allowance for counsel fee within the time and according to the terms by said order provided." This order, made prior to the entry of the judgment, directed that the sum of $500 " be and the same is hereby allowed to the plaintiff herein as a counsel fee to enable her to prosecute this action." And then follow provisions directing the defendant to pay and requiring him to give security for such payment, concluding with this recital : " And it is hereby further ordered that the said allowance as counsel fee hereby granted may be included in plaintiff's judgment

herein as a part thereof, and that the provision may be made in said judgment that the said plaintiff may have execution from time to time against the said defendant for the collection thereof."

The defendant not having paid the $500 or given the security as directed by the order, a motion was made to punish him as for a contempt for his misconduct in thus failing, neglecting and refusing to obey said order. The objection was taken below, that inasmuch as there was a direction in the order for including the amount in the judgment, which as shown was so included, a proceeding as for a contempt would not lie, but that the plaintiff's sole remedy was an execution upon the judgment. The memorandum of the judge below states : " The case of *Jacquin* v. *Jacquin* (36 Hun, 378) constrains me to deny this motion, without costs."

In that case, as shown by the opinion, " the amount directed to be paid by the order was the costs and counsel fee recovered by the final judgment entered in the action." It was therein held that where, in an action for a separation, the final judgment directs the defendant to pay to the plaintiff's attorney a fixed sum as and for her costs and counsel fees, the failure of the defendant to make such payment cannot be treated as a contempt. It will thus be seen that the question therein presented was with respect to costs and counsel fees directed to be paid by a final judgment ; whereas, the question here relates to a counsel fee directed to be paid by a *pendente lite* order. And the decision was there expressly placed upon the ground that the costs and counsel fees directed by the judgment were not moneys directed to be paid by orders, as provided for in section 1769 of the Code, to enforce compliance with which a proceeding as for a contempt would lie.

That section (Code, § 1769) provides that the court may, during the pendency of the action, " from time to time make and modify an order or orders requiring the husband to pay any sum or sums of money necessary to enable the wife to carry on or defend the action." And, as said in the opinion in *Jacquin* v. *Jacquin* (*supra*) : " That section has been limited to orders made during the pendency of the action, by which the husband may be required to pay any sum or sums of money necessary to enable the wife to carry on or defend the action, or to provide for the education and maintenance of the children of the marriage or for the support of the wife."

The real question, therefore, to be here determined is, whether the allowance made was one within the provisions of section 1769 of the Code, or was one made in the final judgment. By reference to the terms of the order from which we have quoted, and which was entered prior to the judgment, it will be seen that it was a direction for the payment of a counsel fee *pendente lite.* And were it not for the recital that such allowance may be included in plaintiff's judgment herein as a part thereof, and that the plaintiff may have execution for the collection thereof, no question could arise. It remains then to be determined whether such a recital in the order, coupled with the fact that the judgment directed an execution to issue for the sum thus allowed, took away the plaintiff's remedy which she otherwise would have had of enforcing the payment thereof by proceedings as for a contempt.

It is doubtful whether such provision in the judgment is warranted, because section 1769 is seemingly the only authority for an allowance to the plaintiff for the expenses of the action, and this makes no provision for such an allowance in the judgment. In *Percival* v. *Percival* (14 N. Y. St. Repr. 255) it is said : " But the judgment contains a provision awarding to the plaintiff, among other moneys, the sum of three hundred dollars for past expenses which she had incurred prior to the judgment. *This sum was improperly inserted in the judgment,* inasmuch as the rule as now administered is that expenses *pendente lite,* if they are to be awarded at all, must be awarded upon special application, and *cannot properly form a part of the judgment.* (Citing *Beadleston* v. *Beadleston,* 103 N. Y. 402; 3 N. Y. St. Repr. 634.) *To this extent the original judgment must be modified.*" In *Williams* v. *Williams* (25 N. Y. St. Repr. 186) it was said : " The counsel fee was unauthorized. The statute (Code Civ. Proc. sec. 1769) only makes provision for costs; that is, in the final judgment. All sums necessary to enable the wife to carry on the suit must be awarded on special motion."

And in *Straus* v. *Straus* (67 Hun, 491) it was said, in construing section 1769 : " This section, which is the only authority for an order directing payment of the expenses of the wife for counsel in the action, evidently means that such direction shall be given in an order and not in the final judgment."

These cases, therefore, are all authority for the position that pay-

ment of the expenses of the wife for counsel in the action is not the subject of provision by final judgment, but is the subject of a special application, and that payment during the pendency of the action is to be directed by order.

It appearing, therefore, that the amount directed to be paid having been granted upon a special application, made prior to the entry of judgment, to enable plaintiff to prosecute the action, such order was a mandate of the court (notwithstanding the direction to include it in the judgment, and its subsequent insertion), entitling the plaintiff to enforce compliance therewith by contempt proceedings.

It was made to appear, however, that this allowance was made several days after the case had been tried and a decision awarded in plaintiff's favor, the defendant being in default and not appearing on the motion; and it is urged that, being now without funds, he should not be punished by a proceeding as for a contempt. These, however, are considerations that might be well addressed to the learned justice who made the original order, or to the judge before whom the motion to punish for contempt shall be heard, the sole question presented for our determination being whether the plaintiff's only remedy was by execution, as held by the judge below, or whether a proceeding as for a contempt will lie.

Having reached the latter conclusion, it follows that the order appealed from should be reversed, with costs to plaintiff, and with leave to renew the motion.