## MAISNER v. MAISNER.

(Supreme Court, Appellate Division, First Department.    June 21, 1901.)

ALIMONY—NATURE OF OBLIGATION—DEBT—BANKRUPTCY—DISCHARGE—EFFECT.
    The liability of a husband for alimony decreed to be paid to his divorced wife is not a "debt," within Bankr. Act, § 63, providing that debts of a bankrupt may be proved and allowed against his estate which are a fixed liability, as evidenced by a judgment absolutely owing at the time of filing the petition, so that the bankrupt's discharge is no defense to a proceeding to punish the bankrupt for failure to pay alimony.

Appeal from special term, New York county.

Emil Maisner was ordered to pay alimony to his wife, Ray Maisner, and from an order granting a motion to punish him for contempt in failing to pay same he appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

M. Feltenstein, for appellant.

B. Berger, for respondent.

PATTERSON, J.    By the order from which this appeal is taken the defendant was adjudged to be in contempt for a failure to pay to the plaintiff a sum of money awarded to her as alimony and for her support and maintenance under a judgment of the supreme court of the state of New York entered in the county clerk's office on August 10, 1898.    In and by such order it was adjudged that the failure and neglect of the defendant to pay such alimony was calculated to, and actually did, defeat, impair, impede, and prejudice the rights and remedies of the plaintiff, and it was ordered that he be imprisoned in the county jail in the county of New York until the sum mentioned in the said order should be paid, or until he was otherwise discharged according to law.    The order was made on the 20th of May, 1901. On May 1, 1901, the defendant by a decree of the United States district court for the Southern district of New York was granted a discharge in bankruptcy.    It provides as follows:

"That said Emil Maisner be discharged from all debts and claims which are made provable by said acts against his estate, and which existed on the 9th day of March, 1901, on which date the petition for adjudication was filed by him, excepting such debts as are by law excepted from the operation of a discharge in bankruptcy."

The only question presented now for determination is whether the defendant is relieved by his discharge in bankruptcy from the obligation to pay alimony accrued under the decree of the supreme court of the state of New York before the filing of a petition in bankruptcy by, or the granting of a discharge in bankruptcy to, the defendant. The general subject-matter of the inquiry has been much discussed by bankruptcy courts, and there is an irreconcilable conflict of opinion in the adjudicated cases in those courts.    The decisions of the federal courts announced previously to March, 1900, are collated and commented upon in the opinion of Judge Lowell, in the United States district court for the district of Massachusetts.    In re Nowell (D. C.)

99 Fed. 931. Upon a review of those decisions, it was held in the case cited that arrears of alimony under the laws of Massachusetts are not, in general, a provable debt. Since In re Nowell was decided, and in May, 1901, the district court of the United States for the district of Indiana has held that a discharge in bankruptcy does not have the effect of extinguishing claims for alimony accrued before the discharge is granted; and the reasons inducing that conclusion are very cogently stated in the opinion of Judge Baker. Turner v. Turner (D. C.; decided May 20, 1901) 108 Fed. 785. The preponderance of authority in the federal courts appears to us to favor the position that a bankrupt is not relieved from the payment of accrued alimony by virtue of his discharge in bankruptcy, and that the cases in which it has been so held are the best considered. The conclusion reached in those cases is fortified by considerations relating to the nature both of bankruptcy laws and of judicial orders, judgments, or decrees awarding alimony. In Re Lachemeyer, 18 N. B. R. 270, Fed. Cas. No. 7,966, Judge Choate very aptly and forcibly refers to this subject, and satisfactorily shows that the class of claims in which alimony may be included should not be regarded as being among those the liability for which is extinguished by a discharge in bankruptcy. That case was decided under the bankruptcy law of 1867, but, as is remarked in Re Nowell, supra, "the reasoning of Judge Choate is as applicable to the present act as to the act of 1867." It will be noticed that in some of the opinions of the judges in the bankruptcy courts their views are based upon the nature of alimony as defined by the tribunals of the states within which such bankruptcy courts exercise jurisdiction, and it has been argued that under the decisions of the courts of the state of New York alimony has been declared to be a debt due from the husband to the wife, and enforceable as a debt. To sustain this position, we are referred, among others, to the case of Wetmore v. Wetmore, 149 N. Y. 520, 44 N. E. 169, 33 L. R. A. 708, in which it was held that the effect of a judgment in an action for divorce awarding alimony to a wife, directed to be paid by the husband, is to make her a creditor of the husband, within the intention of the statute of uses and trusts; and that, after having exhausted the remedy given her by the Code to obtain payment of alimony, she is entitled to the remedies of a judgment creditor given by that statute; and in the opinion of the court it is said that after the entry of the judgment awarding alimony the husband is, in effect, a debtor owing his wife the amount adjudged and determined by the decree. But neither the Wetmore Case nor others cited by the appellant have declared the allowance of alimony to be the enforcement of a debt due from a husband to his wife, nor put a judgment awarding it in the category of ordinary money judgments. The nature of alimony is defined in Romaine v. Chauncey, 129 N. Y. 566, 29 N. E. 826, 14 L. R. A. 712, as being incidental to a decree of divorce in favor of a wife, and simply an allowance for her support and maintenance. It is an admeasurement by the court of the marital obligation of support, which obligation is made specific, and the allowance becomes a debt only in the sense that the general duty over which the husband previously had a discretionary control

has been changed into a specific duty. We do not understand the Wetmore Case as being intended to establish any other view of the nature of alimony. When it is awarded, the court takes into its own hands the regulation of the duty of the husband to support his wife, and it may provide in its decree for a modification of its terms, if it so chooses. It has the power to compel obedience to the decree by other methods than those ordinarily resorted to to enforce a judgment. It may require the husband to give security for the payment from time to time of the alimony awarded, or it may cause his personal property and the rents and profits of his real property to be sequestrated, and may appoint a receiver thereof, or, upon default in the payment of alimony, under certain circumstances, it may enforce payments by proceedings for contempt, as in the case now before us.

A discharge releases a bankrupt from his provable debts, with certain exceptions. We think that a claim for alimony, such as that now under consideration, should not be regarded as coming within the terms of section 63 of the bankruptcy law, which provides that "debts of the bankrupt may be proved and allowed against his estate, which are a fixed liability as evidenced by a judgment absolutely owing at the time of the filing of the petition, whether due or not." It is upon that section the appellant relies. In considering it, the language of Judge Baker in Turner v. Turner, supra, is appropriate. He says:

"This does not include every judgment or decree for the payment of money. The authorities agree that it does not apply to installments of alimony made payable after the adjudication. The mere fact that money is decreed to be paid does not necessarily make it a debt within the meaning of that word as used in this statute. The statute specifies different classes of claims which are made provable. The one in question includes debts which are a fixed liability evidenced by a judgment. We have seen that alimony is not a debt reduced into judgment. It is a sum of money awarded for the wife's support in the enforcing of· a marital duty, and it does not constitute a debt in the true sense of that word. The court will look beyond the form of the judgment. It will look at the nature of the liability, the original cause of action. The duty of marital support springs out of the contract of marriage, and continues until dissolved by death or the judgment of a competent court. A discharge in bankruptcy will not release a bankrupt from his obligation of support. The wife, during the marital relation, cannot prove her claim for support against the estate of her bankrupt husband. If a discharge will not release the bankrupt husband from his liability to furnish his wife support, why should such discharge absolve him from the performance of this duty, when, on account of the violation of the marriage contract, a court has decreed the amount of money that he should pay in satisfaction of this duty?"

We are of opinion that the order appealed from was properly made, and that it must be affirmed, with $10 costs and disbursements. All concur.