(99 App. Div. 308)

### SHEPARD v. SHEPARD.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. ALIMONY—EFFECT OF DISMISSAL OF SUIT.

The dismissal of a complaint for divorce, together with the answer of defendant, does not affect an order previously made, directing plaintiff to pay a certain amount as alimony, though payment was to be made in monthly installments, which extended the time of payment beyond the date of dismissal.

2. SAME—INCLUDING COSTS—CONTEMPT.

The order adjudging a husband in contempt for failure to pay alimony should not include the fees and costs in a divorce suit.

Appeal from Special Term, New York County.

Action by Henry B. Shepard against Florence A. Shepard. From an order adjudging plaintiff guilty of contempt for failure to pay alimony granted pendente lite and committing him to the common jail until he shall pay the amount remaining due, with interest thereon, besides the costs, expenses, and fees, plaintiff appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Albert I. Sire, for appellant.

HATCH, J. The appeal in this case is from an order made in the last of 11 motions concerning alimony granted pendente lite, which have been made during the progress of this litigation. When the action between these parties was first begun an order for alimony pendente lite was granted. With that order the plaintiff failed to comply. Thereupon, and on May 14, 1900, application

was made for an order adjudging the plaintiff in contempt for failure to pay the amount ordered paid. This motion resulted in an order under that date adjudging that the amount due and unpaid of alimony was the sum of $1,500. It adjudged the defendant in contempt for nonpayment, and made provision for the method and manner in which such sum should be paid. The plaintiff complied with this order in part and in part failed to comply. Other motions, from time to time, were made to compel the payment of the sum awarded with partial, but never complete, success. On May 25, 1904, the complaint in this action was dismissed, together with the answer of the defendant, which had interposed counterclaims to plaintiff's cause of action, without costs to either party as against the other. On that date there was unpaid upon the past-due alimony adjudged to be paid by the order of May 14, 1900, the sum of $555.43 and interest thereon. The present order adjudges the plaintiff in contempt for the nonpayment of such sum.

It is claimed by the plaintiff that upon the dismissal of the complaint, answer, and counterclaim all right to alimony, either past or future, ceased, and that, therefore, no authority existed in the court to make the order appealed from. This contention is based upon two grounds, the first of which is that under the order of May 14, 1900, after providing for the payment of a specified sum, it directed the remainder to be paid in monthly installments of $35 each month, and that such period had not expired in which such payments were to be made at the time of the dismissal of the action; that by the terms of the order it was only operative during the pendency of the action; and, second, that the alimony absolutely ceased and became discharged by the dismissal. These contentions are unavailing to defeat this order. So far as past alimony is concerned, for which the defendant was adjudged to be liable, it was a fixed sum, due and payable at the time the first order was made, which adjudged the plaintiff in contempt. The distribution of payments in stipulated monthly sums did not have the effect of discharging the defendant from the obligation to pay the whole amount of the alimony, but was a mere method by which the burden which had been imposed upon the plaintiff was made easier to bear. It was a favor to him, and in order to receive the benefits which accrued to him thereby he was bound to make exact compliance with the terms of the order. He not only made one, but repeated, defaults in this respect. Indeed, the history of this litigation shows that in this regard he was not only persistently in default in making the payments, but willfully so. If the order be construed as limiting the payment of alimony during the pendency of the action, it was nevertheless alimony which had accrued during such period, and was therefore within its terms. But, in addition to this, by provision of the order plaintiff was not only to pay the specific sum and the $35 per month during the pendency of the action, but such payments and such disposition, by the express terms of the order, were made subject to the further order of the court. The plaintiff having defaulted in compliance not alone with the order of May 14, 1900, but with all the others, he

cannot now avail himself of the provision in the order authorizing monthly payments, but has subjected himself to the further order of the court, which has determined, as it had the right to determine, that the whole sum remaining due and unpaid should be discharged at once. Nor did the termination of the action discharge the plaintiff from the payment of the past-due alimony. Undoubtedly it had the effect of relieving him from liability to pay the specific sum awarded to the defendant as continuing alimony during the pendency of the action; but even then, as the dismissal left the marital relation, so far as the legal obligations of the parties are concerned, unimpaired, there still rested upon him the duty of support and maintenance of the wife; the only change in the plaintiff's position in this respect being that, whereas prior to the dismissal the court had fixed a specific sum which it deemed proper in discharge of the marital obligation to support and maintain, the plaintiff is now relegated to the duty of himself determining the amount necessary in discharge of this obligation, subject, however, to the control of the courts upon a proper application. It has been determined many times that alimony awarded either pendente lite or upon the final determination of the litigation is founded upon the marital obligation to support and maintain, and is awarded by the court in enforcement of this obligation and duty. Romaine v. Chauncey, 129 N. Y. 566, 29 N. E. 826, 14 L. R. A. 712, 26 Am. St. Rep. 544; Allen v. Farmers' Loan & Trust Co., 18 App. Div. 27, 45 N. Y. Supp. 398. While the sum awarded does not, when it becomes due and payable, establish it as a debt in the strict sense of that term, yet it partakes of that nature, and payment is enforced by the courts, either summarily or by other proceedings, and execution may be awarded to recover it. Knapp v. Knapp, 134 Mass. 353. An equitable action may be maintained to reach a trust fund and apply the sum in discharge of the accrued obligation. Wetmore v. Wetmore, 149 N. Y. 520, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752. The death of the husband discharges the liability, as the obligation is then at an end, but past-due alimony may, in such event, be enforced against the estate of the decedent. Knapp v. Knapp, supra. The amount of alimony due upon the discontinuance of the action is the sum measured and fixed by the court which was required in discharge of the obligation and duty. As that obligation during such period was continuous and in existence, the husband was required to discharge it by payment, and it cannot be cut down, lessened, or modified, save by an order of the court, where the husband has failed to discharge it, based upon any theory of its subsequent discontinuance. As it measured the obligation for that period, it stood as a fixed charge against the husband, and he is required to discharge it. It may be enforced against him by any of the remedies permissible to be invoked during the pendency of the action. The order, therefore, in this respect is proper. It, however, has gone further than is authorized, as it also adjudges that the defendant is in contempt for failure to pay costs, expenses, fees, and charges. Failure to pay the sum required by these terms cannot be enforced by a summary pro-

ceeding to adjudge the defendant in contempt. To this extent the order is unauthorized. It should therefore be modified by eliminating these items from the requirement to pay, and, as so modified, the order should be affirmed, without costs to either party upon this appeal. All concur.