(74 Misc. Rep. 533.)

### HAYES v. HAYES.

(Supreme Court. Special Term, Kings County. December, 1911.)

DIVORCE (§ 269*)—DISMISSAL—FAILURE TO PAY ALIMONY—CONTEMPT OF COURT.
  Defendant, in divorce brought by the wife, may be punished for contempt, after dismissal of the action on plaintiff's default, for his failure to pay alimony, due under an order therefor prior to dismissal.
  [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 756–763; Dec. Dig. § 269.*]

Suit by Catherine Hayes against Edmond J. Hayes. On motion for reargument of application to punish for contempt in failing to pay alimony. Motion denied.

See, also, 133 N. Y. Supp. 1125.

John Harrington, for the motion.
House, Grossman & Vorhaus, opposed.

MADDOX, J. Defendant seeks a reargument of a motion upon which an order has been made and entered, holding him in contempt of court for failing to comply with its order directing the payment of alimony. On the argument of that motion it was, among other things, urged, and counsel here contends, that the court was without jurisdiction to adjudge the defendant guilty of contempt for the nonpayment of past-due alimony, on the ground that the divorce action had been previously terminated by dismissal of the action, because of plaintiff's default in appearing when the case was reached for trial.

As to the suggestion of condonation, that has been resolved against defendant's contention. It is unnecessary to again go into that; but, if there had been any good reason for urging that claim, the defendant had his remedy—not to wait until charged with contumacious disobedience, but to have moved to be relieved from the operation of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

alimony order. The other matters urged will not be gone into—only the jurisdictional question, the power and authority of the court to entertain the motion to punish for contempt, and to so adjudge the defendant if he be shown to be guilty thereof.

This action, to obtain a divorce, was commenced in 1906; issue was joined July 10th of that year; and, by an order bearing date July 25, 1906, duly served on defendant, he was directed to pay to plaintiff $15 "each and every week" during the pendency of the action as alimony. In December, 1906, and again in October, 1908, proceedings to adjudge defendant in contempt for failing to pay arrears of alimony awarded by said order were instituted; and in both proceedings defendant paid such arrearages before said motions were determined. In December, 1909, an application of like nature was resorted to; and the motion was denied, but with leave to renew. On December 30, 1909, a similar proceeding was again instituted, plaintiff alleging defendant to be $1,080 in arrears of alimony; and the order to show cause was returnable on January 3, 1910, when the motion was adjourned to January 19th, which after argument was denied, but again with leave to renew. Thus is shown the conduct of the defendant in his disregard and disobedience of the plain provisions of the order directing him to pay alimony. That the court had authority to make the alimony order was not questioned; and, even if, for the argument only, the court erred in making such order, then defendant's remedy was by review, not by contumaciously disobeying its direction.

The action was, it appears, dismissed upon plaintiff's default on January 4, 1910, the day after the adjournment of the then pending proceeding, and judgment of dismissal was entered on February 14, 1910. It must be remembered that actions such as this "are neither actions at law nor suits in equity, but are statutory actions modeled largely upon equity procedure. Both power and practice depend on the statute, except that where the statute is silent the practice usually follows the rule in equity." People ex rel. Levine v. Shea, 201 N. Y. 471–478, 94 N. E. 1060, 1063.

Section 1769 of the Code provides that, during the pendency of an action brought for a separation or a divorce, the court may by order require a husband, by way of alimony, to provide for the support of his wife. Such an order may be made only during the pendency of the action, during which period *only* is the wife entitled to support and maintenance by way of alimony *thus* awarded; in other words, by way of temporary alimony. By sections 1759 and 1766, the court is authorized to make provision in and by the final judgment in such actions for payment of permanent alimony for the support and maintenance of the wife, having regard to the circumstances of the respective parties; and the husband's marital duty, thus measured and fixed by the court, is continued.

Since Romaine v. Chauncey, 129 N. Y. 566, 570, 29 N. E. 826, 827, 14 L. R. A. 712, 26 Am. St. Rep. 544, was decided, it has been the settled law in this state that alimony, whether granted by an order pendente lite or by final judgment—

"when so awarded, is not so much in the nature of the payment of a debt as in that of the performance of a duty. During the marriage the husband owes to the wife the duty of support and maintenance, although owing her no debt in the legal sense of the word. * * * The divorce with its incidental allowance of alimony simply continues his duty beyond the decree and compels him to perform it, but does not change its nature. * * * The form and measure of the duty are indeed changed, but its substance remains unchanged. The allowance becomes a debt only in the sense that the general duty over which the defendant had a discretionary control has been changed into a specific duty over which, not he, but the court, presides."

See, also, Wetmore v. Wetmore, 149 N. Y. 520, 527, 528, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep 752; People ex rel. Com'rs of Charities v. Cullen, 153 N. Y. 629, 635, 636, 47 N. E. 894, 44 L. R. A. 420; Wilson v. Hinman, 182 N. Y. 408, 411, 75 N. E. 236, 2 L. R. A. (N. S.) 232, 108 Am. St. Rep. 820; Audubon v. Shufelt, 181 U. S. 575, 577–579, 21 Sup. Ct. 735, 45 L. Ed. 1009; Wetmore v. Markoe, 196 U. S. 68, 73–76, 25 Sup. Ct. 172, 49 L. Ed. 390, 2 Ann. Cas. 265; Maisner v. Maisner, 62 App. Div. 286, 70 N. Y. Supp. 1107; also the dissenting opinion of Ingraham, J., with whom O'Brien, J., concurred, in Matter of Thrall, 12 App. Div. 235, 238, 42 N. Y. Supp. 439.

As said above, it is not a "debt in the legal sense of the word." Arrears of alimony are not provable in bankruptcy, or barred by the husband's discharge therein (Audubon v. Shufelt, supra; Maisner v. Maisner, supra); and as held in the Thrall Case, supra, a delinquent husband's assignee for benefit of creditors may not by motion be compelled to pay, from the assigned estate remaining after satisfying all claims of creditors, arrears of alimony awarded pendente lite. It is true that there the matrimonial action had been previously discontinued upon the wife's consent, and that Van Brunt, J., in the course of his opinion (12 App. Div. 237, 42 N. Y. Supp. 440), said that:

"All proceedings to compel the payment of alimony pendente lite must be taken in the action in which the order for alimony was granted; and, there being no action, the order for the payment of alimony necessarily fell."

It will be found, however, that that learned justice concurred in the opinions in Mercer v. Mercer, 73 Hun, 192, 25 N. Y. Supp. 867, and Shepard v. Shepard, 99 App. Div. 308, 90 N. Y. Supp. 982, both referred to below.

A judgment of dismissal of an action, as well as a final judgment, terminates the ordinary action at law and in equity; and the relation of attorney and client thereupon ceases, save as to the attorney's authority within the specified period of time to discharge a money judgment. But, as said above, an action for separation or divorce is statutory in character, and is not within either of the ordinary or usual classes of litigation. In matrimonial actions either form of judgment would, upon entry, terminate and end the duty of the husband, so measured and fixed by the court, thereafter to pay subsequently accruing alimony under an interlocutory order requiring such payment pendente lite. We find that the provisions of subdivision 2, § 1759, of the Code, contemplate an application or a proceeding in such an action "at any time after final judgment" to annul, vary, or modify

a direction in the judgment, and likewise in section 1767 to revoke a judgment of separation.

The mandate of the court was that defendant pay $15 each and every week as alimony for the support of his wife. His marital duty to support was thus determined. It was then measured and fixed by the court; and· he thereupon lost his previous discretionary control over that duty, for it was thereby "changed into a specific duty over which, not he, but the court, presides." It was a continuing duty, each week to pay the sum awarded, and that duty was not discharged until the award for each week was paid. With every succeeding week there arose a separate specific duty for performance, and that continued, so long as the order was not vacated, reversed, or modified, until judgment was entered. He did not obey the directions of the order. He set at naught the mandate of the court. A proper demand, duly authenticated, was made of him that he pay the arrears of the pendente lite alimony, and this he failed to do.

This application was instituted by an order to show cause under section 1773 of the Code, whereby it is provided, among other things, that "where the husband makes default in paying any sum of money specified in the last section, as required by the judgment *or order*" (the italics are mine), "directing the payment thereof," a motion to punish for contempt may, in a case where enforcement by sequestration proceedings or by directing security would be futile, be resorted to, and the provisions of that section are exclusive in proceedings of this character to punish for a civil contempt.

It is to be noticed that there is in that section no expressed limitation of time wherein to institute such proceeding, and I know of no provision of law limiting the time wherein proceedings to punish for a civil contempt of court shall be instituted. Matter of Hay Foundry & Iron Works, 22 App. Div. 89, 91, 47 N. Y. Supp. 802. Counsel have not called any such provision to my attention, and after much research I am unable to find any.

All applications to punish for contempt for failing to pay alimony awarded by a final judgment are made and entitled in the matrimonial action, whether for divorce or for separation as the case may be, and such a proceeding must have its inception under and pursuant to the provisions of section 1773. Consequently the action is not terminated by the entry of judgment, certainly not for the purposes enumerated in sections 1759 and 1767, nor for the enforcement of compliance with the directions of the mandate of the court for the payment of alimony.

In Mercer v. Mercer, 73 Hun, 192, 25 N. Y. Supp. 867, an interlocutory order granting counsel fee was made, with provision that it might be included in the judgment as part thereof and enforceable by execution. It was so included, and the appellate court held that the order was a mandate of the court (notwithstanding the direction to include it in the judgment, and its subsequent insertion therein), entitling the plaintiff to enforce compliance therewith by contempt proceedings. In that case the proceeding was in the action, was instituted

after entry of final judgment, and the order awarding counsel fees was made pursuant to the provisions of section 1769.

Again, in Shepard v. Shepard, 99 App. Div. 308, 90 N. Y. Supp. 982, the husband was, subsequently to the judgment of dismissal, held in contempt for nonpayment of arrears of alimony pendente lite. Prior thereto and during the pendency of the action he had been adjudged in contempt, and the time wherein to purge himself therefrom by making the payments directed had not expired when judgment was entered. The husband there made the same contention as the defendant here insists upon; i. e., "that the alimony absolutely ceased and became discharged by the dismissal." The proceeding in the Shepard Case was in the action, though theretofore dismissed, and the court said (99 App. Div. 310, 90 N. Y. Supp. 984):

"Nor did the termination of the action discharge the plaintiff (the husband) from the payment of the past due alimony."

And again (99 App. Div. 311, 90 N. Y. Supp. 984):

"The amount of alimony due upon the discontinuance of the action is the sum measured and fixed by the court, which was required in discharge of the obligation and duty· As that obligation during such period was continuous and in existence, the husband was required to discharge it by payment; and it cannot be cut down, lessened, or modified save by an order of the court, where the husband has failed to discharge it, based upon any theory of its subsequent discontinuance. As it measured the obligation for that period, it stood as a fixed charge against the husband, and he is required to discharge it. It may be enforced against him by any of the remedies permissible to be invoked during the pendency of the action. The order, therefore, in this respect is proper."

In Thayer v. Thayer, 145 App. Div. 268, 12 N. Y Supp. 1035, upon motion made in the action more than two years after the entry of final judgment, an order directing the entry of a money judgment, enforceable by execution, for the arrears of alimony directed to be paid by said final judgment, was sustained; and the entry of successive judgments, as the installments of alimony fell due, was justified, but, of course, only upon direction by the court and after notice to the husband.

Thus, in my opinion, it is clear that the entry of judgment in an action for separation or divorce does not of itself end and terminate the action, though it may settle and fix some of the rights of the parties; but, to the end that those rights may be preserved and protected, and the duties and obligations imposed upon the parties may be enforced, such an action is not finally closed and ended by the entry of judgment.

Motion for a reargument is denied, with $10 costs.

Motion denied, with $10 costs.