## MILLS v. MILLS.

(Supreme Court, Appellate Term, First Department.  May 9, 1916.)

1. DIVORCE ⬅331—ACTION FOR ALIMONY—WHAT LAW GOVERNS.

In an action to recover arrears of alimony alleged to be due under an order of an Illinois court, where there is no evidence as to the law of Illinois upon the question in litigation, the court is governed by the law of this state.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 841, 842; Dec. Dig. ⬅331.]

2. DIVORCE ⬅331—ACTION FOR ALIMONY—PENDING ACTION.

Where the wife's action for absolute divorce and the husband's cross-action for absolute divorce were terminated by a final judgment of an Illinois court in favor of the husband, and there was no provision in the decree for alimony, the force of an order for alimony pendente lite ended at the same time, and under the law of New York, that proceeding to enforce payment of temporary alimony must be taken in the action in which the order for alimony was granted, no action could be taken on the order for alimony.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 841, 842; Dec. Dig. ⬅331.]

3. CONTEMPT ⬅20—FOREIGN JUDGMENT.

The courts of this state will not punish, as for a contempt, a disobedience of the orders of courts of other states.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 58–62; Dec. Dig. ⬅20.]

4. COURTS ⬅188(14)—MUNICIPAL COURT—JURISDICTION.

The Municipal Court, under the new Municipal Court Code (Laws 1915, c. 279), has jurisdiction of an action upon a foreign judgment of a court of record.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. ⬅188(14).]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Annie Maude Mills against Harry Mills. From a judgment entered in favor of the plaintiff for the sum of $316.31, after trial before the court without a jury, defendant appeals. Reversed, and complaint dismissed.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

John R. Jones, of New York City, for appellant.
Oscar A. Campbell, of New York City, for respondent.

WHITAKER, J.  The judgment appealed from was rendered in an action brought to recover arrears of alimony alleged to have been due upon an order of the circuit court of Cook county, state of Illinois, dated April 19, 1911, which directed the defendant herein to pay to plaintiff the sum of $7 a week pendente lite and $25 counsel fee in an action then pending between the plaintiff and her husband, the defendant, for an absolute divorce.  The defendant in that and in this action, Harry Mills, also instituted an action against this plaintiff in

the same court and state for an absolute divorce, so that there were cross-actions. On the 8th day of November, 1911, both these actions came on for trial, and after a trial before the court a judgment was duly rendered, and entered after such trial, in favor of Harry Mills, the plaintiff in that action and defendant in this action, and a final judgment and decree entered, which finally determined both actions in the Illinois court in favor of the plaintiff there, Harry Mills, who is the defendant herein. There was no provision made in the decree for alimony. Upon the trial of this action the plaintiff introduced in evidence the order awarding temporary alimony, duly authenticated, evidence tending to show that it had not been paid, and that there was about $203 due, and rested.

The defendant, after moving to dismiss and for judgment on the merits, and the motions being denied, offered in evidence the final judgment and decree between the parties for an absolute divorce, and also a stipulation in the case of Harry Mills v. Annie Maude Mills, wherein it was stipulated that the order awarding alimony upon which this action is brought "be released and satisfied." This stipulation was not signed by the parties themselves, but by their respective attorneys. This constituted the defendant's case. The defendant asks for a reversal of the judgment entered in favor of plaintiff upon the following grounds: (1) That the order directing the payment of alimony pendente lite cannot form the basis of an independent action; (2) that the court had no jurisdiction of the subject of the action; (3) that the stipulation received in evidence was an effectual bar to the action.

[1, 2] I think the first ground urged by the appellant is sufficient to dispose of the case. There is no evidence in the case as to what the law of Illinois is upon the questions in litigation. We are governed, therefore, by the law as it is in this state. The order awarding alimony expressly provides that the alimony "is temporary alimony during the pendency of this cause." The evidence shows that the cause in which it was granted is no longer pending; that it has been finally determined and ended, and of course the life of the order for alimony pendente lite ended at the same time, and under the law of this state proceedings to enforce payment of temporary alimony must be taken in the action in which the order for alimony was granted—that is, during the pendency of the action and the life of the order. And if there is no action pending, no proceeding may be taken thereon. Matter of Thrall, 12 App. Div. 235, 42 N. Y. Supp. 439, affirmed 153 N. Y. 644, 47 N. E. 1111; Hays v. Hays, 150 App. Div. 842.

[3] The defendant cites the case of Jacobson v. Jacobson, 85 Misc. Rep. 253, 148 N. Y. Supp. 341, as decisive upon the question, wherein Mr. Justice Finelite, in a very well considered and concise opinion, follows the Appellate Division in holding that the remedy for disobedience of an order to pay temporary alimony is exclusive, and is governed by sections 1771 and 1772 of the Code of Civil Procedure; consequently no action may be brought upon such an order. That is correct in so far as an order of a court of this state is concerned. I do not think Judge Finelite's opinion applies to orders of the courts of other states, however. The order under consideration is an order of

a court of Illinois, and our courts will not punish for contempt disobedience of orders of courts of other states.

[4] It is unnecessary to consider the other points raised by the appellant, except to state that we think the Municipal Court, under the new Municipal Court Code, has jurisdiction of an action upon a foreign judgment of a court of record.

The judgment should be reversed, with $30 costs, and the complaint dismissed, with costs.

PENDLETON, J., concurs.  LEHMAN, J., concurs in the result.

