CHARLES N. GRATTAGE *vs.* SUPERIOR COURT.

MARCH 5, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, and Rathbun, JJ.

*(1)   Divorce.   Allowance Pendente Lite.   Execution.*

An order for alimony *pendente lite* is included within the provisions of Sec. 14, cap. 247, Gen. Laws, 1909, relative to relief by execution against a respondent in divorce proceedings who is in default.

*(2)   Divorce.   Alimony Pendente Lite.   Execution.*

Where an order for alimony *pendente lite* was made and thereafter on hearing on the merits the petition for divorce was dismissed and after such dismissal affidavits were filed under Gen. Laws, 1909, cap. 247, sec. 14, showing that respondent was in arrear for a period of twenty-four weeks prior to the dismissal of the petition and execution issued:—

*Held,* that the execution was properly issued, for the extent of the obligation and the time for its discharge had been fixed by the court, and until such order was changed the legal obligation continued and was not dependent on further proceedings in the divorce action and consequently was not affected by the decision.

CERTIORARI. Heard and writ dismissed.

STEARNS, J. The proceeding is by writ of *certiorari* to the Superior Court. The facts are as follows: On the 11th of November, 1918, Ena Grattage filed in the Superior Court a petition for divorce from her husband, Charles N. Grattage, and on the same day she also filed a petition for the allowance of counsel and witness fees and for support *pendente lite.* On the 16th day of November an order was entered directing Charles N. Grattage to pay to said Ena Grattage a certain sum for counsel and witness fees and six dollars a week for her support *pendente lite.*

On the 11th of July, 1919, after a hearing on the merits, the petition for divorce was denied and dismissed. On the 29th of November, 1919, affidavits were filed in the Superior Court in accordance with the provisions of Sec. 14, Chap. 247, Gen. Laws, 1909, whereby it appeared that said Charles N. Grattage had not fully complied with the order for the payment of alimony and was in arrears for the period of twenty-four weeks prior to said 11th day of July, and that on said day the sum of $144 was due and has not yet been paid. December 3, 1919, an execution by order of the Superior Court was issued against the goods and chattels of Charles N. Grattage and for want thereof against his body; on the same day Grattage was taken into custody by the sheriff and thereafter by order of a justice of the Superior Court was paroled in the custody of his counsel until further order of the court.

The petitioner claims that the action of the Superior Court was erroneous for two reasons.

First. The court in the circumstances had no jurisdiction at any time to issue an execution for alimony *pendente lite.* The argument is that the remedies provided by Sec.

14, Chap. 247 (formerly Public Laws, Chap. 971, April 2, 1902) are applicable in the case of allowance made to the wife, only to such allowance as is made to enable her to prosecute or defend the suit for divorce and do not extend to an allowance for alimony *pendente lite.* The language of the statute permits this construction and if the question of the proper construction of the statute were before this court for the first time much might be said in favor of such a construction. The petitioner however concedes that the uniform construction of bench and bar since the enactment of the act for a period of some eighteen years has been adverse to his claim. The clause in question has been held uniformly by the court to include allowances for alimony *pendente lite.* *Mowry* v. *Bliss,* 28 R. I. 114; *Mowry, Petitioner,* 28 R. I. 242; *Wagner* v. *Wagner,* 26 R. I. 27.

In the cases cited the court based its action on the broad construction of the statute by which alimony was included therein, and the question of the meaning of the statute was apparently considered both by court and counsel as so well settled as to require no particular consideration. In *Mowry* v. *Bliss, supra,* at p. 117, speaking of the provisions in question, this court said, "This amendment was probably enacted to meet the objection raised by this court in *Vine* v. *Vine,* 21 R. I. 190, as follows: 'A decree for an allowance *pendente lite* is an interlocutory decree, subject to revocation or modification at any time by the court which made it, and consequently cannot be the foundation of an action as upon final judgment.'" The statute now provides an additional remedy at law either by suit, as on a judgment for debt, or by execution without suit, on order of the court for amounts of allowance due and unpaid. One purpose of the act doubtless was to relieve the courts from the burden of numerous proceedings in contempt and to provide a simple and effective remedy at law for the enforcement of an allowance, the amount of which was fixed and certain. As the statute is remedial in its nature, it is to be construed liberally. *Thrift* v. *Thrift,* 30 R. I. 357. Practice and ac-

quiescence for a number of years have fixed the construction (*Stuart* v. *Laird*, 5 U. S. 299) and we think an order for alimony *pendente lite* is included within the provisions of Section 14.

(2)  Second.  That the Superior Court had no jurisdiction to order the issuance of the execution after the termination of the original proceeeding in divorce by the final decision thereof on July 11, 1919.  The petitioner relies on the case of *In re Thrall*, 12 App. Div. (N. Y.) 235, (affirmed by the Court of Appeals in 153 N. Y. 644).

In the *Thrall* case the petition was brought by the wife against her husband to obtain a separation upon the ground of cruel treatment.  After a hearing, the husband was ordered to pay to his wife the sum of $50 a week for her support and maintenance until the final termination of the action or the further order of the court.  After making some payments, the husband made a general assignment for the benefit of his creditors and no further payments were made to the wife.  Some few months after the assignment the action for separation was duly discontinued and shortly thereafter the wife presented to the assignee her claim for alimony which had accrued up to the day preceding the discontinuance of the action for separation.  It was held that this claim was properly disallowed by the assignee, that the wife had no right to compel the defendant in the divorce suit to pay this alimony, the petition having been discontinued.  At p. 237 the court says, "All proceedings to compel the payment of alimony *pendente lite* must be taken in the action in which the order for alimony was granted; and there being no action, the order for the payment of alimony necessarily fell."

In *Hayes* v. *Hayes*, 150 App. Div. (N. Y.) 842, the court follows the decision in the *Thrall* case but refers to the later case of *Shepard* v. *Shepard*, 99 App. Div. 308 and states that the decisions are irreconcilable in the Appellate Division. *Contra* see *O'Neill* v. *O'Neill*, 100 Iowa, 743; *Woodward* v. *Woodward*, 84 Mo. App. 328.

The question however must be determined by a consideration of the provisions of our statutes.    Divorce in this State is purely a statutory proceeding (*Sammis* v. *Medbury*, 14 R. I. 214), and the procedure follows the course of equity so far as the same is applicable (Gen. Laws, Chap. 289, Sec. 1); the proceeding of divorce is comprehensive in its nature, including therein the decision in regard to the custody and support of minor children as well as temporary and permanent alimony.    Upon consideration of the general terms of the statutes, it is apparent that it was the intention of the legislature that the procedure was to be regulated by the courts to whom was given a wide discretion in the selection of remedies, both legal and equitable, suitable to secure proper relief in any case.    Divorce proceedings are a distinct class in their nature and process, in part legal and in part equitable, as reference to some of the decided cases shows.

An appeal does not lie from a final decree of the Superior Court in a petition for divorce, whereby the petitioner is granted a divorce and an allowance and is given the custody of her minor children.    *Fidler* v. *Fidler*, 28 R. I. 102.

A petition for divorce is a "civil action" within the meaning of Gen. Laws, 1909, Chap. 298, Sec. 8, to this extent, that a decision upon a petition for divorce before entry of final decree is properly brought before this court for review by the legal remedy of a bill of exceptions.    *Thrift* v. *Thrift*, *supra.*

In *Mowry* v. *Bliss*, 28 R. I. 114, it was held that the respondent in a petition for divorce who was committed to jail on an execution for alimony *pendente lite* was not entitled to the benefit of the poor debtor's oath, as he was imprisoned not simply for debt but also for failure to comply with the order of the Superior Court for the payment of alimony. As he was liable to imprisonment on execution for failure to comply with the order of the court and also upon process for contempt in equity proceedings the court held that the law relating to poor debtors did not apply to such a case.

A decree for alimony however may be properly entered after entry of final decree of divorce has been entered and from such decree an appeal under Gen. Laws, 1909, Chap. 289, Sec. 34, can be taken to this court; the court as a part of its jurisdiction in divorce and alimony has all the equity powers suitable to the determination of the property rights involved in the award of alimony. *Warren* v. *Warren,* 36 R. I. 167; *Phillips* v. *Phillips,* 39 R. I. 92.

In *Wilford* v. *Wilford,* 38 R. I. 55, a petition for alimony was filed more than twelve months after the entry of a final decree for divorce. It was held that the petition for permanent alimony although incidental to and consequent upon a divorce was independent therefrom to this extent, that the same might be filed at any time after entry of final decree, subject to the defences of laches or waiver.

In the case at bar the respondent was ordered to fulfill an obligation imposed upon him by law, namely, to provide for the support of his wife. At the time of the hearing on the petition he was in default but made no application to the court for a modification of the order for alimony. The petitioner was a creditor of the respondent to this extent that she was entitled to bring a suit at law as for a debt or to have an execution at law issue against the respondent. The extent of the obligation and the time for its discharge had been fixed by the court; until this order was changed by the court the legal obligation of the respondent to his wife was established and was not dependent on further proceedings in the action for divorce and consequently is not affected by the decision in this cause on the petition. The execution properly issued.

The writ of *certiorari* is dismissed and the record in the cause entitled *Ena Grattage* v. *Charles N. Grattage* sent to us by the Superior Court is remitted to said court.

*Cooney & Cooney,* for petitioner.

*Quinn & McKiernan,* for respondent.