ROSE PACHTER, Plaintiff, *v.* HARRY PACHTER, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, April 11, 1927.

**Husband and wife — alimony — vacating order dismissing complaint in separation action for non-appearance revived order granting alimony pendente lite — final decree allowed plaintiff weekly sum for support — plaintiff in action at law entitled to judgment for unpaid alimony awarded her pendente lite.**

In an action for separation, the vacating of an order dismissing plaintiff's complaint for non-appearance revived an order granting alimony to plaintiff *pendente*

*lite.* The final decree in favor of the plaintiff provided for the payment to her of a stipulated sum weekly. Plaintiff is entitled to recover in an action at law for the unpaid alimony awarded to her *pendente lite.*

ACTION to recover unpaid alimony awarded to plaintiff *pendente lite* in a separation action.

*Morris & Samuel Meyers,* for the plaintiff.

*O'Brien & O'Brien,* for the defendant.

PANKEN, J. The issues raised present a novel question for determination.

The facts, in as far as they are material to a determination of the controverted issues, are: An action was brought by the plaintiff herein against the defendant for separation from bed and board. *Pendente lite* the defendant was directed to pay to the plaintiff a weekly stipend for her maintenance and support. During the pendency of the action the complaint was dismissed by reason of the non-appearance of the plaintiff. Subsequent thereto the default was set aside and the action tried, resulting in a decree granting the relief demanded by the plaintiff, and directing the defendant to pay a stipulated weekly sum to the plaintiff for her maintenance and support. The decree provides as follows:

"Adjudged that the said defendant Harry Pachter pay to the plaintiff Rose Pachter the sum of Twenty-five ($25.00) dollars per week, from the date of this judgment for her support, each and every Saturday thereof, the said sum to be paid at the home of the plaintiff, 313 East 4th St., in the Borough of Manhattan, City of New York, on Saturday of each and every week.

" Enter."

This action is brought to recover the admittedly unpaid alimony awarded to the plaintiff *pendente lite.* Included in the amount claimed by the plaintiff is the sum of twenty-five dollars as evidenced by a check bearing the date of February 13, 1926, which was not paid. As to the amount covered by the check, there can be no question that the defendant is liable.

The theory upon which alimony is granted *pendente lite* is that until a final determination is had as to the merits, the obligations undertaken by and resting upon the husband with relation to his wife be discharged; and that proper provision be made for her support during such period. With a discontinuance or a dismissal of the action, the order requiring the defendant to provide for the support of the plaintiff *pendente lite* falls. No claim will lie for a failure to comply with the order made *pendente lite* in an action that has died. The very basis for a claim under an order *pendente lite* presupposes a pending action.

In *Matter of Thrall* (12 App. Div. 235). the court said: " The appellant certainly can enforce no claim against the defendant in that action for alimony alleged to have accrued during its pendency. And if the appellant has no claim against the defendant in the action for separation, she has none against his estate ʼ * * *. If proceedings were taken to enforce the collection of this alimony *pendente lite* against the defendant, the discontinuance of the action would clearly be an answer to such application. All intermediate, preliminary and provisional orders necessarily fell when the action ceased to exist."

Then again in the case of *Mills* v. *Mills* (95 Misc. 231) the court said: " The evidence shows that the cause in which it was granted is no longer pending; that it has been finally determined and ended and of course the life of the order for alimony *pendente lite* ended at the same time, and under the law of this State proceedings to enforce payment of temporary alimony must be taken in the action in which the order for alimony was granted, that is, during the pendency of the action and the life of the order. And if there is no action pending, no proceeding may be taken thereon."

I must determine as to whether or not the final determination in the action in which the order for alimony *pendente lite* has been entered precludes any recovery on the part of the plaintiff for the unpaid weekly allowances. From the case of *Mills* v. *Mills* (*supra*) it would seem that the law of this State is that no action would lie in this case to enforce payment of the temporary alimony. That to me would appear to be a harsh rule which would punish the prevailing party because of the misconduct of the losing party. It is to permit the defendant to profit by his own wrongdoing. It would be tantamount to reward the defendant for his failure to comply with an order of the court. It would be to allow him to profit because of his disregard of the mandate of the court and the wrong that he did to his wife.

In the case of *Shepard* v. *Shepard* (99 App. Div. 308) the court says: " It has been determined many times that alimony awarded, either *pendente lite* or upon the final determination of the litigation, is founded upon the marital obligation to support and maintain, and is awarded by the court in enforcement of this obligation and duty. [Citing cases.] While the sum awarded does not, when it becomes due and payable, establish it as a debt in the strict sense of that term, yet it partakes of that nature, and payment is enforced by the courts, either summarily or by other proceedings, and execution may be awarded to recover it. * * * "

The order *pendente lite* allowing alimony to this plaintiff was

provisional in its nature. It could not survive a dismissal of the action or a determination in favor of the defendant.

The dismissal in the separation action was vacated, so that the order *pendente lite* was revived. It was made effective by the revival of the action. I am of the opinion that the plaintiff could undoubtedly have enforced the provisions of the order *pendente lite* allowing her alimony after the dismissal was vacated and before a final determination in the action was had. Can I, however, enforce in this action the payment of the unpaid alimony under that order?

In the case of *Shepard* v. *Shepard* (*supra*) the court held that the order awarding alimony does not establish a debt in the strict sense of that term, but that it partakes of that nature, and that payment would be enforced by the courts either summarily or by other proceedings.

Summary enforcement would be by punishment for contempt of court, a failure to obey one of its mandates. " Other proceedings " can only mean by an action at law. The plaintiff is now before me in an action at law.

In this action eleven weekly payments are sought to be recovered. One payment was actually made by check which was dishonored. Justice requires, in my judgment, that the defendant be required to pay to the plaintiff the sum awarded to her by the order of the Supreme Court.

Judgment, therefore, follows in favor of the plaintiff.