Rose Cutrone, Plaintiff, *v.* Santo Cutrone, Defendant.*

Supreme Court, Special Term, Bronx County, July 28, 1941.

*Alvin R. Cowan,* for the plaintiff.

*Milton M. Craner,* for the defendant.

Eder, J. This was an action for a separation. An order was made on April 29, 1941, awarding plaintiff alimony *pendente lite,* and a counsel fee. The action was tried and a judgment of separation was awarded to plaintiff, which judgment is dated July 1, 1941, and was duly filed and recorded on July 3, 1941

The instant motion was made to punish the defendant for contempt in failing to pay four installments of alimony awarded *pendente lite* and the counsel fee. The application cannot prevail. The termination of an action abates both the order and arrears — such termination is automatic. The right to temporary alimony is coincident with the existence of the action. When the jurisdiction to render a judgment is ended, no jurisdiction remains as to matter purely ancillary to that object. (Rothenberg, New York Law of Alimony [Ed. 1932], pp. 58, 59.)

The plaintiff's right to the sums sought arises from the order made in her behalf in this action which awarded her temporary alimony and counsel fee. " It was an order enforcible only in the action in which it was made and it was merged in the final judgment in that action." (*Pachter* v. *Pachter,* 130 Misc. 769.) The order awarding alimony expressly provides that the alimony is " temporary alimony." The action in which it was granted is no longer pending; it has been finally determined and ended; " and of, course the life of the order for alimony *pendente lite* ended at the same time, and under the law of this State proceedings to enforce payment of temporary alimony must be taken in the action in which the order for alimony was granted, that is, during the

* Affd., 262 App. Div. 992.

pendency of the action and the life of the order." (*Mills* v *Mills*, 95 Misc. 231, 233. See, also, *Matter of Thrall*, 12 App. Div. 235; affd., 153 N Y. 644; *Hayes* v. *Hayes*, 150 App. Div. 842.)

If there are any arrears due on an order for temporary alimony or counsel fee and no action is taken thereon before final judgment they may, on application to the court before entry of final judgment, be included in the judgment to protect the rights of the wife thereunder. This was not done here. When the jurisdiction to render a judgment is ended, and in the absence of inclusion of arrears which were awarded *pendente lite*, there is no survival of accrued arrears; if there is no action pending, no proceedings may be taken thereon. (*Mills* v. *Mills, supra.*) The motion is denied.