134

## COLE v. COLE.
### Civil Action No. 28778.

District Court of the United States for the District of Columbia.

Aug. 13, 1946.

L. George Reder, of Washington, D. C., for plaintiff, for the motion.

Joseph M. Bonuso, of Washington, D. C., for defendant, opposed.

HOLTZOFF, Justice.

This is a motion to adjudicate the defendant guilty of contempt of court for his failure to make certain payments of alimony pendente lite.

An order made by this court on May 31, 1945, in an action for absolute divorce, directed the payment of alimony pendente lite at the rate of $100 a month. After a trial on the merits, the complaint was dismissed by a judgment entered on June 12, 1946. Installments of alimony which had accrued prior to the entry of final judgment, and which amounted to the sum of $475, remained unpaid. The judgment makes no reference to the subject of alimony or to the arrears. The defendant contends that he is under no obligation to pay the above-mentioned balance in view of the fact that the action has been determined in his favor by a final decree.

The question presented is whether a final decree dismissing a divorce suit extinguishes the obligation to pay installments of alimony pendente lite which had accrued prior to the entry of the final judgment, or whether payment of the amounts due prior to the termination of the action may be compelled thereafter.

The statute governing alimony pendente lite empowers the court during the pendency of a suit for divorce "to require the husband to pay alimony to the wife for the maintenance of herself and their minor children committed to her care." [1]

---

[1] The Code of Law for the District of Columbia 1901, § 975; D.C.Code 1940, Title 16, Sec. 410, provides as follows: "During the pendency of a suit for divorce, or a suit by the husband to declare the marriage null and void, where the nullity is denied by the wife, the court shall have power to require the husband to pay alimony to the wife for the maintenance of herself and their minor children committed to her care, and suit money, including counsel fees,

The nature of an order directing the payment of alimony was described by the United States Court of Appeals for the District of Columbia, in Lesh v. Lesh, 21 App.D.C. 475, 484, as follows:

"An order for the payment of alimony pendente lite, although merely an incident in all these proceedings, is in effect a final order. It is capable of being enforced by immediate execution, and, although it is revocable and may be rescinded by the court, and, although it may wholly fall by a final decision on the merits of the cause adverse to the petitioner, yet as long as it remains in effect to the extent to which it has been enforced by payment or execution, it is an absolute finality. Money so paid cannot be recovered back."

■ Consequently, as soon as an installment of alimony accrues in accordance with the terms of the order, a fixed and binding obligation arises to pay the amount due. Although after a final decision adverse to the wife, the order ceases to have any efficacy as to the future, the conclusion does not necessarily follow that any obligation previously existing becomes extinguished.

This question was first presented to the United States Court of Appeals for the District of Columbia in Walter v. Walter, 15 App.D.C. 333. In that case a divorce suit brought by the wife was dismissed on the merits after a trial and a divorce was granted to the husband on a cross-petition. During the pendency of the action an order had been made directing the payment of alimony pendente lite. Subsequently to the entry of the final decree, the wife petitioned for a rule to show cause why the husband should not be required to pay arrears of temporary alimony that had previously accrued. The court held that the wife was not in a position to enforce an interlocutory order for the payment of alimony pendente lite which remained partially unexecuted at the time of the rendition of the decree dismissing her petition.

The same problem was, however, confronted by the United States Court of Appeals again in Lynham v. Hufty, 44 App. D.C. 589, in which that Court reached the opposite conclusion. In that case also the wife sued her husband for divorce and the husband countered with cross-bill. The suit resulted in a final decree in favor of the husband. During the pendency of the action an order had been made directing the payment of alimony pendente lite. Subsequently to the final judgment, a proceeding was brought to compel the husband to pay installments of alimony which had accrued prior to the disposition of the action. The court held that the obligation survived and was enforceable. Mr. Justice Van Orsdel made the following observations on this point (44 App.D.C. at page 593):

"Strictly speaking, any order or decree made between the parties in a pending suit before final judgment is interlocutory. But, though interlocutory in nature, it may be final as to matters disposed of to the extent that it is enforceable, independent of the final determination of the general matters in controversy. In other words, a judgment, though interlocutory with relation to the final disposition of a suit, may be treated as final and as possessing all the elements of a final judgment if it settles the dispute of the parties as to the particular matters in issue in the interlocutory proceeding and leaves nothing further for consideration."

The learned justice referred to Walter v. Walter, supra, and held it inapplicable. He stated (44 App.D.C. at page 597):

"But the Walter Case was decided in 1899. With the adoption of the Code final effect was given to any unconditional decree for the payment of money. Sec. 1104 of the District Code (31 Stat. at L. 1362, chap. 854), under the general head of 'Execution' provides: 'The aforegoing provisions shall be applicable to an unconditional decree in equity for the payment of money. Such decree may be revived by scire facias, and the same writs of execution may be issued thereon within the same time and have the same effect as liens, and shall be executed and returned in the same

to enable her to conduct her case, whether she be plaintiff or defendant, and to enforce obedience to any order in regard

thereto by attachment and imprisonment for disobedience * * *."

manner as if issued upon a common-law judgment.' •

"Though not referred to in the Lesh Case, which was decided since the adoption of the Code, the foregoing section may well have been in the mind of the court in impressing a decree of finality upon a mere decree for the future payment of temporary alimony."

In Lynham v. Hufty, the court also referred to the fact that a judgment had been entered for the unpaid balance, while such a step was not taken in the Walter case. This difference as to an incidental fact is hardly a distinction in principle, since the right arose and became vested when the payments became due under the original order, rather than when the judgment was entered.

█ It seems clear, therefore, that Walter v. Walter must be deemed to have been overruled by Lynham v. Hufty, and that, consequently, installments of temporary alimony previously accruing are collectible after the entry of a final judgment dismissing the action.

The recent ruling of the United States Court of Appeals in Holmes v. Holmes, App.D.C., 155 F.2d 737, dealt with a different problem. In that case a decree for a limited divorce provided for the payment of alimony. Subsequently, the decree was enlarged into a judgment for absolute divorce. The second decree was silent on the subject of alimony. An attempt was made to collect alimony pursuant to the first decree for a period subsequent to the date of the second decree.[2] The court held that the obligation to pay alimony merged in the final decree insofar as concerned the future. The question whether alimony previously accrued if unpaid would have been collectible, was not involved and was not discussed.

Several States have held that alimony pendente lite accruing prior to a final judgment dismissing the action, is collectible even after the entry of the decree. Thus, in Caldwell v. Caldwell, 189 N.C. 805, 813, 128 S.E. 329, 334, the Court stated:

"The termination of the action, by judgment of nonsuit or upon a verdict, does not affect liability of husband for alimony pendente lite, due at date of judgment."

In Grattage v. Superior Court, 42 R.I. 546, 551, 109 A. 86, 88, the same doctrine was applied. The court made the following statement on this point:

"In the case at bar the respondent was ordered to fulfill an obligation imposed upon him by law, namely, to provide for the support of his wife. At the time of the hearing on the petition he was in default but made no application to the court for a modification of the order for alimony. The petitioner was a creditor of the respondent to this extent: That she was entitled to bring a suit at law as for a debt, or to have an execution at law issue against the respondent. The extent of the obligation and the time for its discharge had been fixed by the court. Until this order was changed by the court, the legal obligation of the respondent to his wife was established, and was not dependent on further proceedings in the action for divorce, and consequently is not affected by the decision in this cause on the petition."

The opposite result was reached by the Supreme Court of Florida in Duss v. Duss, 92 Fla. 1081, 1091, 111 So. 382. This conclusion was, however, predicated on the postulate that the wife acquires no vested right under an interlocutory order for the payment of temporary alimony. The law of this jurisdiction is to the contrary, Lesh v. Lesh, supra; Lynham v. Hufty, supra. Consequently, Duss v. Duss is not apposite.

█ On principle, the husband becomes liable for the payment of installments of alimony as they accrue. The wife has a vested right to collect them. The obligation is enforceable by execution, by se-

---

[2] Mr. Justice Clark in his opinion stated:

"The husband, though irregular in making his payments, did pay the amount set in the first decree up to and one month beyond the date of the final decree. He then ceased to pay, taking the position that the final decree made no mention of alimony and consequently must be regarded as having absolved him from any further obligation in this regard. Thereafter the former wife instituted the contempt proceeding which resulted in this appeal."

questration, or by contempt proceedings. Failure to make the payments constitutes a serious default. To hold that the husband is relieved of the obligation and that the debt becomes extinguished if the action is later dismissed, would be to permit the husband to profit by his own wrong, and to gain by his neglect of a duty imposed by an order of the court. No reason is perceived why the husband should derive an advantage from his refusal to make payments directed by the court. The attitude of the husband is not to be commended, as he flaunts his own failure to obey punctually an order of the court as an excuse for not paying money which the court directed him to pay. Tardiness in meeting an obligation should not result in a cancellation of the debt. Otherwise a premium would be placed on wilful disobedience of judicial decrees.

The defendant is adjudged guilty of contempt of court for failure to pay the arrears of temporary alimony accruing prior to the date of the final decree and amounting to the sum of $475. He will be committed to the custody of the Marshal for a period of 30 days unless he makes the payments due within the time to be specified in the order of the court. Submit proposed order.