LEON LAZAR, Respondent, v. BERTHA MAE LAZAR, Appellant.

First Department, June 10, 1932.

*Nelson Ruttenberg* of counsel [*Nathan Siegel, Jr.*, with him on the brief; *Ruttenberg & Ruttenberg*, attorneys], for the appellant.

*Gustavus A. Rogers* of counsel [*Edith H. Kunen* with him on the brief; *Edith H. Kunen*, attorney], for the respondent.

MARTIN, J. The defendant obtained a verdict in an action brought by the plaintiff for an absolute divorce, but failed to enter judgment. Eight days thereafter the plaintiff by notice of motion dated March 12, 1932, returnable on March seventeenth, applied to the court for an order to compel the defendant to enter judgment, or in the alternative to permit plaintiff to discontinue the action.

The court in granting the motion stated as follows: " Unless the defendant enters judgment on the findings of the jury on the framed issues within five days after service of a copy of this order with notice of entry plaintiff may enter an order of discontinuance."

An application was thereafter made by the defendant to resettle the order of the Special Term so as to permit the discontinuance of the action only upon condition that the plaintiff pay all taxable costs to date; that he pay all alimony due under the order dated the 9th day of February, 1932, to the date of the entry of such order of discontinuance; that he pay to the attorneys for the defendant the sum of sixty-five dollars, the balance due as counsel fees allowed by the order dated the 3d day of March, 1932; and that he pay to defendant ten dollars costs and fourteen dollars and thirty cents disbursements under the order of the Appellate Division dated the 11th day of March, 1932, which affirmed the order of the Special Term dated the 9th day of February, 1932. (235 App. Div. 715.) The application was denied.

The defendant contends that the order of discontinuance was unwarranted; that it destroyed the effect of the outstanding orders and that a discontinuance of the action would prejudice the defendant's rights.

The plaintiff could have moved to enter judgment instead of pursuing the unusual procedure of compelling the defendant to enter judgment or discontinue. Rule 194 of the Rules of Civil Practice provides: " In an action triable by the court, where one or more specific questions of fact arising on the issues have been tried by a jury, judgment may be taken on the application of either party: * * *."

The court allowed a discontinuance of the action without imposing any terms. The result of such an order was not only to destroy defendant's rights but to prevent the collection of costs, disbursements and accrued alimony.

It requires no argument to demonstrate that the order appealed from was improper. The court had no power to grant the relief demanded. If such a practice were permitted, this would be a novel way of avoiding the payment of alimony, all the costs of an action and costs and disbursements on appeal.

In *Matter of Thrall* (12 App. Div. 235; affd., 153 N. Y. 644)

the court held that all proceedings to compel the payment of alimony during the pendency of an action for separation must be taken in the action in which the order for alimony was granted; that after the discontinuance of the action a wife cannot enforce a claim for alimony alleged to have accrued during its pendency. In that case the court said: " If proceedings were taken to enforce the collection of this alimony *pendente lite* against the defendant, the discontinuance of the action would clearly be an answer to such application. All intermediate, preliminary and provisional orders necessarily fell when the action ceased to exist. It would have been the same had the complaint been dismissed as to the defendant, in which case it certainly could not be claimed that provisional remedies survive, although judgment had been rendered in favor of the defendant." (See, also, *Hayes* v. *Hayes*, 150 App. Div. 842; affd., 208 N. Y. 600.)

Assuming that the court had power to grant any such relief, it is difficult to understand why on the reargument no costs or disbursements were allowed, although the attention of the court was called to the fact that the defendant had been successful and was entitled to costs and disbursements, as well as the accrued alimony.

The order of March 23, 1932, should be reversed, with ten dollars costs and disbursements, and the motion in all respects denied, with ten dollars costs, and the appeal from the order denying resettlement dismissed.

FINCH, P. J., MERRELL, McAVOY and O'MALLEY, JJ., concur.

Order entered March 23, 1932, reversed, with ten dollars costs and disbursements, and motion in all respects denied, with ten dollars costs. Appeal from order entered April 4, 1932, dismissed.