## DETERMINED IN THE

# FIRST DEPARTMENT

### IN THE

## APPELLATE DIVISION,

### December, 1896.

In the Matter of the Assignment of EDWIN A. THRALL to ADOLPH LUDEKE for the Benefit of Creditors.

ADOLPH LUDEKE, as Assignee, etc., of EDWIN A. THRALL, Respondent; MARY E. THRALL, Appellant.

*Alimony, allowed in an action, must be recovered while the action is pending — collection of, from an assignee for creditors.*

All proceedings to compel the payment of alimony during the pendency of an action for separation must be taken in the action in which the order for alimony was granted.

After the discontinuance of the action, the wife cannot enforce a claim for alimony, alleged to have accrued during its pendency, against an assignee of her husband for the benefit of his creditors.

INGRAHAM and O'BRIEN, JJ., dissented.

APPEAL by Mary E. Thrall from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of September, 1896, as denies her application to compel the assignee, for the benefit of creditors of her husband, Edwin A. Thrall, to pay to her the sum of $950, alimony *pendente lite,* claimed to be due her under an order of the Supreme Court bearing date the 31st day of July, 1894.

*Alexander Cameron,* for the appellant.

*C. H. Winsor,* for the respondent.

VAN BRUNT, P. J.:

It appears that on the 12th day of June, 1891, the appellant brought an action against her husband, Edwin A. Thrall, in the Supreme Court, the venue being laid in the county of Kings, to obtain a separation from her husband upon the ground of cruel and inhuman treatment. The defendant in said action duly appeared, and such proceedings were had that, on the 31st of July, 1894, an order was made in said action allowing the appellant herein the sum of fifty dollars a week for her support and maintenance for and during each week from the 12th of May, 1894, until the final termination of the action or the further order of the court. An appeal having been taken, this order was modified by providing that the alimony should commence on the 5th of July, 1894. On or about the 27th of January, 1896, the attorney for the appellant made application to this court, in said action for separation, for an allowance for counsel fee, and such application was granted. On the 18th of March, 1896, an order was made directing Thrall to pay to the attorney for the appellant the sum of $100 within two days after service of a copy of the order upon said Thrall. In January, 1896, an application was also made in said action for an order directing the defendant to give reasonable security for the payment from time to time of the alimony *pendente lite* awarded to the appellant in said action by the aforesaid order of this court, dated July 31, 1894. On the 30th of January, 1896, Thrall, the defendant in the action for separation, made a general assignment for the benefit of creditors to the respondent herein, Adolph Ludeke. The last payment of the fifty dollars a week alimony *pendente lite*, under said order of July 31, 1891, was made by said Thrall on the 25th of January, 1896. On the 7th of June, 1896, the action for separation was duly discontinued. On the 20th of June, 1896, the appellant presented to said assignee her claim in writing for alimony under said order of July 31, 1894, from said 25th of January, 1896, to the 6th of June, 1896, the day preceding the discontinuance of the separation action — amounting in the aggregate to the sum of $950, and claimed a preference, and to be entitled to the payment of such amount; and on or about the 21st of May, 1896, the attorney for the appellant presented his claim to said assignee for the $100 counsel fee ordered to be paid to the attorney by the order

of March 18, 1896. Neither of these claims having been paid, application was made for an order directing said assignee to pay to the appellant or her attorney the sum of $950 for alimony and to her attorney the sum of $100 for counsel fee. This motion coming on to be heard, it was ordered that the assignee pay to the attorney the sum of $100 out of the funds of the estate of Thrall now in his hands as such assignee; and the application for an order directing the payment of the alimony was denied; and from such denial this appeal is taken.

It is difficult to see upon what basis the appellant can found any claim. It is clear that she has no right to compel the defendant in the divorce suit to pay this alimony, the action having been discontinued. All proceedings to compel the payment of alimony *pendente lite* must be taken in the action in which the order for alimony was granted; and there being no action, the order for the payment of alimony necessarily fell. The appellant certainly can enforce no claim against the defendant in that action for alimony alleged to have accrued during its pendency. And if the appellant has no claim against the defendant in the action for separation, she has none against his estate, because it is only the obligations which have matured, and which are existing at the time of the application, that can be enforced against the estate. If proceedings were taken to enforce the collection of this alimony *pendente lite* against the defendant, the discontinuance of the action would clearly be an answer to such application. All intermediate, preliminary and provisional orders necessarily fell when the action ceased to exist. It would have been the same had the complaint been dismissed as to the defendant, in which case it certainly could not be claimed that provisional remedies survive, although judgment had been rendered in favor of the defendant.

It seems to us that, it being clear that the appellant could not enforce the order for the payment of alimony against the defendant in the divorce suit, her application in this proceeding was properly denied, and the order should be affirmed, with ten dollars costs and disbursements.

WILLIAMS and PATTERSON, JJ., concurred; INGRAHAM and O'BRIEN, JJ., dissented.

INGRAHAM, J. (dissenting):

The obligations which exist by which a duty devolves upon the husband to support and maintain the wife is not a debt owing by the husband to the wife. There is nothing in the nature of a promise by which the husband agrees to pay to the wife a sum of money which could be the basis of an action against the husband, and nothing that would justify the court in taking hold of the property of the husband and applying it to the performance of this duty, or preventing him from applying it in other ways, even though it would leave him without property with which to perform this duty. The obligation, however, exists. It springs out of the relation created by the marriage contract necessary for the protection of the family and for the support and education of the children. This duty of support assumed by the husband on his entering into the marriage relation exists from time to time until the marriage tie is dissolved. This condition has been recognized by the Court of Appeals of this State in *Romaine* v. *Chauncey* (129 N. Y. 570). We have thus the existence of the duty of support. We then come to the question as to how that duty is to be enforced, for it is obvious that without some proceeding to enforce it, without a method by which a husband may be compelled to perform the duty, the fact that the duty existed would, in most cases, be of no possible advantage to any one. The law provides a method for the enforcement of this duty, but the duty exists independent of the method of enforcement, and the liability of the husband rests upon the existence of the duty and not upon the method by which it may be enforced. Thus, in *Romaine* v. *Chauncey* (129 N. Y. 566) it was said: "During the marriage the husband owes to the wife the duty of support and maintenance although owing her no debt in the legal sense of the word. * * * The divorce with its incidental allowance of alimony simply continues his duty beyond the decree and compels him to perform it, but does not change its nature. The divorce and consequent separation are wholly his own fault and do not relieve him from the continued performance of the marital obligation of support. The form and measure of the duty are indeed changed, but its substance remains unchanged. The allowance becomes a debt only in the sense that the general duty over which the husband had a discretionary control has been changed

into a specific duty over which, not he, but the court, presides," Applying this principle, this defendant owed his wife this duty of support. He had assumed it when he entered into the marriage state. To enforce that duty application was made to the court, and the court for such purpose ordered this defendant to pay to the wife a sum of money for her support. When that order was entered, whether it was an order directing a payment of temporary alimony prior to the dissolution of the marriage, or for permanent alimony after the dissolution of the marriage, it was an adjudication by the court that the duty of support existed, according to which this husband was bound to pay this sum of money from week to week or from month to month as a performance of that duty; and at the end of each week or each month, as the case may be, there arose an obligation on the part of the husband to pay this sum of money directed to be paid by the court as a fulfillment by him of this duty which sprang into existence upon his marriage, and which continued a duty binding upon him as long as the marriage existed. If this order directed that the performance of this duty required him to pay $100 on the first day of each month, it seems to me that upon the first day of that month the general duty which had then existed, and which, up to that time was indefinite, and had not been reduced to a specific amount, had been by the judgment or order of the court changed to a definite duty or obligation to pay the wife the sum of $100. That became fixed by the adjudication of the court that that was the amount which the husband owed on that specific day as a performance of the duty which had existed, but which had prior to that time existed in an undefined condition, for the discharge of which no specific sum had been fixed. The fact that subsequently this order fell because the parties agreed to discontinue the action, did not relieve the husband from the payment of this specific sum which, under the order of the court, had become a specific obligation of his. This seems to be recognized by what Judge FINCH says in *Romaine* v. *Chauncey* (*supra*). In speaking of divorce or separation he continues: " The form and measure of the duty are indeed changed, but its substance remains unchanged. The allowance becomes a debt only in the sense that the general duty over which the husband had a discretionary control has been changed into a specific duty over which, not he,

but the court, presides. The authorities, therefore, cited to the effect that alimony is not strictly a debt due to the wife, but rather a general duty of support made specific and measured by the court, seem to me to be well founded." It seems to follow from my construction of this obligation that, upon each day fixed by the court in the order for the payment by the husband of a sum of money, there became an existing obligation in favor of the wife that the husband was bound to discharge, and that it was the duty of the court to see to it that the husband discharged that obligation. The court had power to enforce that by committing the husband for contempt if he refused to obey the order.

The court is given specific power by sequestration proceedings to take possession of the husband's property to enforce its order, or in the event that such proceedings are ineffectual, under the general equity power of the court, it has authority to adopt such other remedies as would enforce its orders and maintain respect for its procedure. An instance of this is found in the case of *Wetmore* v. *Wetmore* (149 N. Y. 528). It seems to me that, under this principle established in this case, upon the entry of the order directing the payment of alimony, the sum of fifty dollars became due from the defendant to the plaintiff each week. That sum of money was the amount which it had been adjudged would be a complete performance by the defendant of his duty to the plaintiff, and when that thus became due, the obligation became fixed, and it did not depend upon the continued existence of the order which had fixed that sum as the amount which would discharge and satisfy the duty of the husband to the wife. Each week, therefore, there arose an obligation on behalf of the husband to pay to the wife fifty dollars, and upon each succeeding week a new obligation to pay the fifty dollars arose which continued as long as the order remained a binding adjudication upon the parties. When this motion was made, therefore, I think there existed an obligation on the part of the husband to pay to the wife the amount directed to be paid by the order, and that the subsequent discontinuance of the action, by which the order fell, did not revoke, satisfy or discharge this obligation. We have then an obligation on the part of the husband to pay to the wife this sum of money, and we have an assignment made by the husband of his property to an assignee, in trust, to pay the debts of the husband,

returning the excess to the husband. Under that assignment the assignee holds for the assignor the proceeds of the property after he has paid all the debts. Having paid the latter, what he has in his hands now belongs to the husband to be turned over to him. The husband has thus put his property in the hands of a trustee who holds it subject to the order of the court to apply under the trust. He voluntarily places his property in such a position that the only way by which this obligation of the husband to pay the wife this sum of money can be enforced is by an order of the court requiring the trustee, who is subject to its jurisdiction, to apply so much of the husband's property in his hands as is necessary to satisfy this obligation of the husband to the wife. It seems to me that this is merely applying the principle established in *Wetmore* v. *Wetmore* (*supra*) to a slightly different state of facts. In that case the judgment required a trustee who held property under a specific trust, by which the income was to be paid to the husband, to pay such income to the wife in discharge of her claim for alimony against the husband. In this case a trustee under the immediate control of the court holds in his hands a sum of money in trust for the husband, which it is his duty to pay to the husband, and it seems to me that it is entirely consistent with an application of the principle applied in *Wetmore* v. *Wetmore* (*supra*), directing the assignee to pay out of the moneys in his hands which he holds in trust for the husband, an amount sufficient to satisfy this obligation of the husband as fixed and determined by the court, and which the husband is bound to pay to the wife.

I think, therefore, that the order should be reversed, and the motion granted.

O'Brien, J., concurred.

Order affirmed, with ten dollars costs and disbursements.