HAYES v. HAYES.

(Supreme Court, Appellate Division, Second Department.  May 1, 1912.)

1. DIVORCE (§ 269*)—CONTEMPT PROCEEDINGS—POWER OF COURT.
   The failure of a defendant in a divorce action to comply with an order requiring the payment of temporary alimony cannot be punished as a contempt after the dismissal of the action.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 756–763; Dec. Dig. § 269.*]

2. CONTEMPT (§ 30*)—PUNISHMENT—NATURE AND GROUNDS OF POWER.
   The courts have inherent power to punish for contempt, and such power is also expressly given by Judiciary Law (Consol. Laws 1909, c. 30) § 753.
   [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 91, 93, 94; Dec. Dig. § 30.*]

   Hirschberg, J., dissenting.

Appeal from Special Term, Kings County.

Action for divorce by Catherine Hayes against Edmond J. Hayes. From an order adjudging defendant in contempt, he appeals.  Reversed and motion denied.

See, also, 74 Misc. Rep. 533, 134 N. Y. Supp. 482.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

John F. Harrington, of New York City, for appellant.
Leo R. Brilles, of New York City, for respondent.

THOMAS, J.  The action begun in July, 1906, was for divorce for adultery, and the complaint was dismissed for failure of the plaintiff to appear for trial on January 4, 1910.  At that date there was pending a motion to punish the defendant for contempt in failing to pay alimony pursuant to an order entered in July, 1906, and duly served on defendant.  Although that motion was denied on April 3, 1911, it was according to permission renewed, and from an order dated July 7, 1911, adjudging defendant in contempt for disobedience of the order directing the payment of alimony, the appeal is taken.

The appellant urges that the court had no power to grant the order after the dismissal of the complaint, and that in any case the order should not have been granted by reason of condonation of the adultery by cohabitation and payments to and support of the plaintiff by defendant expressly received in lieu thereof, which the plaintiff denies.  The court decided the question of fact against the appellant, and is justified by the evidence.

[1] Did the dismissal of the complaint deprive the court of power to punish an earlier contempt of its order?  Upon judgment of dismissal the action was no longer pending, and the order for alimony was as to future support inoperative.  But it had vested in the plaintiff a right to receive a sum of money from her husband which was in discharge of the support which he, as a husband, was by law required to render her.  That right was not divested by the dismissal of the complaint.  Moreover, the court had appointed the amount and

time of payment, and commanded that it should be done accordingly. The defendant disobeyed the command. The dismissal did not impair the command as to alimony theretofore due, and I do not willingly decide that it took from the court the power to punish disobedience.

[2] The power to punish for contempt inheres in the court (Lowenthal v. Hodge, 120 App. Div. 304, 308, 105 N. Y. Supp. 120), and is given by Judiciary Law, § 753. In Shepard v. Shepard, 99 App. Div. 308, 90 N. Y. Supp. 982, the order adjudging the contempt was made during the pendency of the action and provision made for the method and manner of paying the same. Later the complaint was dismissed, and the party was adjudged in contempt. But it is urged that In the Matter of Thrall, 12 App. Div. 235, 42 N. Y. Supp. 439, affirmed 153 N. Y. 644, 47 N. E. 1111, rules the present decision. The precise relief there sought was to compel the husband's assignee for the benefit of creditors to pay arrears of alimony awarded and accruing before the action was discontinued. It was decided that the applicant could not enforce the order for payment of alimony against the defendant in the divorce suit, and that it followed that she could not enforce it against the defendant's assignee. It was urged that the assignee should pay the claim as preferred, and maybe the application should have been denied on that ground. But such was not the ground of decision. The Court of Appeals (153 N. Y. 644, 47 N. E. 1111) affirmed the order upon the opinion of Van Brunt, J. That learned justice wrote:

"It is difficult to see upon what basis the appellant can found any claim. It is clear that she has no right to compel the defendant in the divorce suit to pay this alimony; the action having been discontinued. All proceedings to compel the payment of alimony pendente lite must be taken in the action in which the order for alimony was granted; and, there being no action, the order for the payment of alimony necessarily fell. The appellant certainly can enforce no claim against the defendant in that action for alimony alleged to have accrued during its pendency. And, if the appellant has no claim against the defendant in the action for separation, she has none against his estate, because it is only the obligations which have matured, and which are existing at the time of the application, that can be enforced against the estate. If proceedings were taken to enforce the collection of this alimony pendente lite against the defendant, the discontinuance of the action would clearly be an answer to such application. All intermediate, preliminary, and provisional orders necessarily fell when the action ceased to exist. It would have been the same had the complaint been dismissed as to the defendant, in which case it certainly could not be claimed that provisional remedies survive, although judgment had been rendered in favor of the defendant."

And yet Justice Van Brunt sat in Shepard v. Shepard, decided some seven years later. The subject is deliberately considered in the later case, and the two decisions are irreconcilable. But the earlier decision has been approved by the Court of Appeals in the very words of the opinion, and there should be submission to authority.

The order should be reversed as a matter of law and not of discretion, and the motion denied, without costs.

JENKS, P. J., and CARR and WOODWARD, JJ., concur. HIRSCHBERG, J., dissents.