JOSEPH E. WORTHINGTON, JR., and Another, as Executors, etc., of ALEXANDER V. CAMPBELL, Deceased, Respondents, v. SIMON F. PEAVEY, JR., Appellant.— In an action to recover of defendant moneys advanced at his request, judgment for plaintiffs unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Taylor, JJ.

HOWARD KELLY ALLON, Respondent, v. PARK CENTRAL HOTEL CO., INC., Defendant, and LAWRENCE B. SIMON, Appellant.— In an action brought by the plaintiff to recover damages for personal injuries sustained in a swimming pool operated by the appellant, in which plaintiff had judgment for $3,184.35, judgment affirmed, with costs. Lazansky, P. J., Young, Carswell and Taylor, JJ., concur; Hagarty, J., dissents and votes for reversal and the dismissal of the complaint. In any event the appellant was entitled to the charge as requested at folio 310. That request was specific and was not fully covered in the main charge.

LILLIAN DIBENEDETTO, Respondent, v. GERARDO DIBENEDETTO, Appellant.— Order adjudging defendant guilty of contempt of court, fining him $1,322 and directing that he may purge himself of contempt by paying the sum of three dollars a week on account of said fine, in addition to current alimony, reversed on the law, with ten dollars costs and disbursements to the respondent, and the matter remitted to Special Term to determine, upon oral proofs to be taken, the amount which is unpaid to plaintiff from the defendant (a) under the order of November 17, 1932, and (b) under the final judgment dated April 25, 1934, as the basis of a fine to be imposed upon the defendant; and for further proper proceedings looking to the determination at Special Term of the motion to punish the defendant for contempt. We are of opinion (1) that the order dated July 23, 1935, vacating the order punishing the defendant for contempt, dated February 28, 1935, and amending the judgment dated April 25, 1934, effected a reduction of the permanent alimony to the sum of ten dollars weekly, commencing April 8, 1934, and that the amount due to the plaintiff under said judgment must be computed on that basis and not on the basis of fifteen dollars weekly; (2) that the plaintiff is not entitled to have considered, in the determination of the unpaid arrears due to her, the amount unpaid by the defendant under the order for temporary alimony dated November 17, 1932, for the reason that all proceedings to compel the payment of alimony *pendente lite* must be taken during the pendency of the action and the life of the order (9 Carmody N. Y. Prac. § 215, and relevant cases cited); (3) that the defendant is entitled to credit upon such determination for all moneys paid by him to the plaintiff on account of alimony since April 8, 1934 (see judgment dated April 25, 1934); (4) that the order dated July 23, 1935, did not have the effect of canceling the arrears of alimony as fixed in the order dated February 28, 1935. The determination of the amount actually unpaid to plaintiff should be made in accordance with these views. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur. [See *post*, p. 619.]