ANASTASIA CARBULON [now ANASTASIA PATRIKARIS], Appellant, *v.*
JOHN R. CARBULON, Respondent.

Third Department, November 10, 1943.

*Levi R. Chase,* attorney for appellant.

*Abraham J. Halprin,* attorney (*Sidney R. Rossiter* of counsel), for respondent.

BLISS, J. On August 28, 1932, Anastasia Carbulon sued her husband John for a separation. Shortly thereafter she moved for alimony *pendente lite* and counsel fees. An interim allowance of ten dollars per week alimony was made and the issue of defendant's financial ability was sent to an Official Referee. Meanwhile the husband complained to the Federal immigration authorities that his wife and her parents had illegally entered the United States and he also brought action against her in the Supreme Court to annul their marriage on the ground that she had fraudulently represented her citizenship. The Official Referee died before the hearings were concluded. The annulment action was tried and decided in the wife's favor. The husband then left the State and has since remained outside. Plaintiff obtained an order for his arrest, but it remained unexecuted. In 1936 the reference to the Official Referee was terminated and the matter recalled to the Special Term, which on

September 19th of that year granted an order allowing the wife alimony at the rate of twenty dollars per week from October 20, 1932, and $1,000 counsel fees. The husband has paid nothing under either order for alimony and has paid no part of the counsel fees. On January 19, 1937, he began proceedings against the wife in the State of Connecticut for a divorce based on the charge of willful desertion. Service of process was obtained by mail only. The wife did not appear and a default judgment of divorce was granted to the husband on May 14, 1937. On January 10, 1938, the plaintiff wife was remarried to one Constantine Patrikaris in the State of Vermont. In his declaration of intention of marriage Patrikaris stated that his expectant bride was divorced. In March, 1942, the plaintiff moved in the separation action for leave to enter a money judgment for the arrears of alimony and counsel fees granted by the order of September 19, 1936, and the defendant countered with a motion to dismiss the complaint for lack of prosecution, incapacity to continue the suit because of the adjudication in the Connecticut divorce action that plaintiff was the offending party and that her remarriage and recognition of the divorce obtained against her made it impossible for her successfully to prosecute the action. The court below granted defendant's cross motion and dismissed the complaint. At the same time it denied plaintiff's motion for leave to enter money judgment for the arrears of alimony and counsel fees.

Authority for the entry of judgment for unpaid temporary alimony and counsel fees is found in section 1171-b of the Civil Practice Act. " Where the husband, in an action for * * * separation, * * * makes default in paying any sum of money as required by the * * * order directing the payment thereof, the court may make an order directing the entry of judgment for the amount of such arrears, together with ten dollars costs and disbursements." Here we have a husband, sued for a separation, who for almost six years completely ignored the order of the Supreme Court that he support his wife while she was compelled to support herself at labor far below her former style of living. Nor does his claim of alleged fraud in connection with the marriage add to his stature. The plaintiff was entitled to be supported by him at least until she remarried and this record shows no good reason why such support should not have been provided. The defendant should not now be allowed to profit by his complete disregard of the orders of the court. As to the counsel fee, it is quite apparent that the plaintiff has been put to much unjustified expense and trouble and she should be permitted to collect the amount allowed. Plaintiff's right

to counsel fees and alimony during the pendency of the action is in no way dependent upon her finally obtaining a judgment in her favor. All she had to show in the first instance was probable success upon the trial and we must assume that this she did, for no appeal was taken from the order allowing the same. It is true that by subsequently remarrying she has made it impossible for her to be successful in her action. But this does not alter the fact that she was entitled to her support up to that time and that the defendant was in contempt for failure to obey the order of the court.

The application of the plaintiff to enter money judgment was timely. It was made before the action was dismissed and it is this application which is now before us.

The order of the Special Term should be modified so as to grant plaintiff's motion for a money judgment for the arrears of alimony to the date of her remarriage, and the counsel fee, with ten dollars costs, and as so modified affirmed, with twenty-five dollars costs and disbursements to the plaintiff-appellant against the defendant. The judgment appealed from should be affirmed, without costs.

All concur.

Order of the Special Term modified so as to grant plaintiff's motion for a money judgment for the arrears of alimony to the date of her remarriage, and the counsel fee, with ten dollars costs, and as so modified affirmed, with twenty-five dollars costs and disbursements to the plaintiff-appellant against the defendant.

Judgment appealed from affirmed, without costs.