HELEN J. WORMLEY, Appellant, *v.* LOWELL C. WORMLEY, Respondent.

First Department, November 12, 1943.

*Samuel B. Weingrad* for appellant.

*Morris Levine* for respondent.

UNTERMYER, J. By an order of the Special Term in an action instituted by the plaintiff for a separation the defendant was directed to pay temporary alimony at the rate of thirty-five dollars a week for the plaintiff's support and for the support

of one child. Upon the trial of the action a final judgment of separation was entered in favor of the plaintiff which included provision for payment of thirty-five dollars per week to the plaintiff for her support and for the support of the child.

After the entry of judgment the plaintiff moved to include therein a money judgment in her favor for the sum of $385, representing accrued temporary alimony to the date of judgment. The court denied the motion, holding that section 1171-b of the Civil Practice Act did not authorize a judgment for accrued temporary alimony after the entry of final judgment in the action.

Without doubt the action of the court would have been correct previous to the enactment of section 1171-b of the Civil Practice Act. (*Hayes* v. *Hayes,* 150 App. Div. 842, affd. 208 N. Y. 600; *Doncourt* v. *Doncourt,* 245 App. Div. 91, affd. 275 N. Y. 470.) The court would likewise have been justified in refusing to punish the defendant for contempt for the nonpayment of temporary alimony after the entry of final judgment, for the reason that section 1171-b makes no provision for this (*Mittman* v. *Mittman,* 263 App. Div. 384) and to that extent leaves unchanged the condition of the law as it previously existed. The statute expressly provides, however, that in certain classes of actions, including actions for a separation, " Where the husband * * * makes default in paying any sum of money as required by the judgment or order directing the payment thereof, the court may make an order directing the entry of judgment for the amount of such arrears " which " may be enforced by execution or in any other manner provided by law for the collection of money judgments ". We find no limitation here requiring such a judgment for accrued alimony to be entered before the entry of final judgment in the action, nor do we perceive any reason why in this remedial statute such a limitation should be implied.

The order so far as appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted.

GLENNON, DORE and COHN, JJ., concur; MARTIN, P. J., taking no part.

Order so far as appealed from unanimously reversed, with twenty dollars costs and disbursements, and motion granted. Settle order on notice.