MARGARETTA W. TREHERNE-THOMAS, Appellant, *v.* F. HUGH
TREHERNE-THOMAS, Respondent.

First Department, March 10, 1944.

*George Gordon Battle* of counsel (*Battle, Levy, Fowler & Neaman,* attorneys), for appellant.

*Lee McCanliss* of counsel (*McCanliss & Early,* attorneys), for respondent.

UNTERMYER, J. On December 3, 1940, the plaintiff commenced this action for a separation from the defendant, during the pendency of which two orders were made awarding to the plaintiff temporary alimony and counsel fees together with an allowance for the support of the children of the parties. The first of these orders took effect on April 9, 1941, and directed payment by the defendant of $325 each month in addition to a counsel fee of $1,000. By the second order an additional counsel fee of $1,000 was directed to be paid. With none of these orders did the defendant comply. After the orders were made, the action was tried and resulted in a final judgment entered July 21, 1942, dismissing the plaintiff's complaint upon the merits. By that judgment the court awarded custody of the two children of the marriage to the plaintiff and directed the defendant to pay $200 each month for their support, such payments to commence as of December 3, 1940, the date of the service of the summons and complaint.

After the entry of judgment dismissing the complaint, the plaintiff moved for judgment against the defendant under the final decree for the sum of $4,400, the total amount of installments directed to be paid for the support of the children to the date of the motion, and also for the entry of judgment for $3,218.75, of which $1,000 was for unpaid counsel fees and the balance for accumulated temporary alimony at the rate of $125 per month from April 9, 1941, to the date of the motion. The Special Term directed judgment for $4,400, the amount allowed for the support of the children but otherwise denied the motion. The plaintiff appeals, contending that, despite the decree dismissing her complaint, section 1171-b of the Civil Practice Act

(added by L. 1939, ch. 431) entitled her to the entry of judgment for the installments of temporary alimony and counsel fees.

In *Wormley* v. *Wormley* (267 App. Div. 85) we held that by section 1171-b the wife was entitled to judgment for alimony awarded to her *pendente lite* notwithstanding that the application was made after the entry of final judgment. We found no express limitation requiring judgment for accrued temporary alimony to be entered before the final adjudication in the action, and interpreting the enactment in the light of its history, we were unable to perceive "any reason why in this remedial statute such a limitation should be implied" (p. 86). Previous to the enactment of section 1171-b, it had been uniformly held that claims for unpaid alimony *pendente lite* perished with the entry of final judgment (*Doncourt* v. *Doncourt,* 245 App. Div. 91, affd. 275 N. Y. 470) for the reason that all intermediate, preliminary and provisional orders necessarily collapsed with the termination of the action (*Matter of Thrall,* 12 App. Div. 235, affd. on opinion below 153 N. Y. 644; *Hayes* v. *Hayes,* 150 App. Div. 842, affd. 208 N. Y. 600; *DiBenedetto* v. *DiBenedetto,* 248 App. Div. 604). To rectify a condition which resulted in depriving the wife of the ability to enforce collection of arrears of temporary alimony after the entry of the final judgment, the Legislature enacted section 1171-b of the Civil Practice Act.

There exists, however, an important, though in our opinion not a decisive, distinction between *Wormley* v. *Wormley* (*supra*) and the present case in that the plaintiff in the *Wormley* case had been successful on the trial of the action, whereas, in the present case, the complaint had been dismissed. The question, therefore, now presented for the first time, is whether the court should enter judgment for accrued and unpaid temporary alimony after a trial has demonstrated that the action cannot be maintained. The answer to that problem depends on whether the provisions of the statute are mandatory or discretionary and, if discretionary, whether, upon this state of facts, the discretion should be exercised in favor of the wife. We think both these questions should be answered in her favor.

The statute (Civ. Prac. Act, § 1171-b) does not condition the right of the wife to judgment for unpaid temporary alimony upon the result of the action. It provides that, having obtained either a judgment or order for alimony, "the court may make an order directing the entry of judgment" upon the husband's default in payment. The existence of a judicial direction to the husband to pay, followed by default in payment, is the only condition on which the right to such a judgment depends.

To obtain an order for temporary alimony, the wife was merely required to establish a reasonable probability of success. (*Brinkley* v. *Brinkley,* 50 N. Y. 184; *Collins* v. *Collins,* 71 N. Y. 269.) That requirement was satisfied by the plaintiff when the court by its order directed the husband to pay temporary alimony and counsel fees. She encountered a heavier burden on the trial of the action. That she failed to meet that additional burden did not deprive her of the benefit of the previous determination in her favor, the effect of which was not nullified by the later judgment. (*Bannon* v. *Bannon,* 270 N. Y. 484.) Immediately before the dismissal of her complaint she would concededly have been entitled to a judgment for accumulated temporary alimony which would not have been disturbed by any subsequent proceedings. We think there is no reason to deny her the same right immediately thereafter.

Although section 1171-b provides that the court "may" make an order directing the entry of judgment for the amount of any arrears, it does not discriminate between orders and judgments for the payment of alimony. Surely, it was not intended that discretion should reside in the court to refuse a money judgment for alimony due and unpaid after a final decree. Installments of alimony thus awarded by a final judgment create vested rights which the court has no power to nullify. (*Livingston* v. *Livingston,* 173 N. Y. 377; *Harris* v. *Harris,* 259 N. Y. 334.) Yet, if the word "may" is to be construed as applicable to orders for temporary alimony, it must receive the same interpretation in its application to final judgments. That word and terms of like import in statutes have frequently been construed as the equivalent of "must" or "shall" (*People ex rel. Otsego County Bank* v. *Supervisors of Otsego County,* 51 N. Y. 401; *People ex rel. Conway* v. *Supervisors,* 68 N. Y. 114; *People ex rel. Reynolds* v. *Common Council,* 140 N. Y. 300; *People* v. *Brooks,* 1 Den. 457). Its use can readily be explained by the circumstances that the court is required to determine the amount due and unpaid, whether alimony has been released (*Gehring* v. *Gehring,* 262 App. Div. 1065), whether the wife has remarried (*Carbulon* v. *Carbulon,* 267 App. Div. 1), whether the sums directed to be paid have been received from a third party (*Viall* v. *Viall,* 263 App. Div. 548) or whether there exists any statutory impediment depriving the wife of the right to enforce the order or judgment. (Civ. Prac. Act, § 1172-c.) All these involve inquiries relating to payment or discharge; none involve a reconsideration of the merits of the claim for temporary alimony.

Other considerations are persuasive in arriving at the same result. If it be held that the provisions of section 1171-b are discretionary, then it must follow that the husband may oppose the entry of judgment by demonstrating by affidavit or other proof the inability of the wife to succeed upon the trial of the action. In the present case that fact is conclusively established by the final judgment in his favor, but if the fact is relevant at all upon such an application there is no reason to exclude or disregard other forms of proof, though less conclusive, tending to establish the same fact. We think no such result was intended by the Legislature when this statute was enacted for the protection of the wife.

But even if discretion resides in the court, we think it would be improvident to exercise it in such a case as this. By willful defiance of the orders directing payment of temporary alimony and counsel fees, the defendant committed a contempt of court. If he had complied with those orders, payments made could not have been recovered even after the plaintiff was defeated at the trial. (*Averett* v. *Averett,* 110 Misc. 584, affd. 191 App. Div. 948; *Matthews* v. *Matthews,* 210 App. Div. 652; *Griffin* v. *Griffin,* 219 App. Div. 370; *Pincus* v. *Pincus,* 211 App. Div. 128; *Krauss* v. *Krauss,* 127 App. Div. 740; *Shepard* v. *Shepard,* 99 App. Div. 308.) Why should the court on account of his refusal to obey its process place him in a more favorable position than if he had complied? No such reward or inducement should be offered for the disobedience of the mandate of the court.

The order so far as appealed from should be modified to direct judgment to be entered for the amount of arrears of unpaid alimony and counsel fees, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant.

Dore, J. (dissenting). In *Wormley* v. *Wormley* (267 App. Div. 85) the wife was successful on the trial. In this case the wife's complaint was dismissed on the merits after trial. The language of section 1171-b of the Civil Practice Act is permissive not mandatory. After the final judgment against the wife, Special Term in its sound discretion properly denied her judgment for any sum greater than the $200 a month for the support of the children only, as allowed by the final decree.

Accordingly I dissent and vote to affirm the order appealed from.

Callahan, J. (dissenting). The question involved herein is one of statutory construction.

Section 1171-b of the Civil Practice Act permits an application to be made to the court to enter judgment on an order for

temporary alimony. Prior to the adoption of this section, the remedy of enforcing payments of alimony by entry of judgment for unpaid installments and issuance of execution thereon was limited to alimony provided by final decree.

It was well settled before the adoption of the new section that a wife could not obtain any relief on an award made *pendente lite* unless she enforced her remedy before final disposition of the action. All intermediate, preliminary and provisional orders necessarily fell when the action ceased to exist. (*Matter of Thrall,* 12 App. Div. 235, affd. on opinion below 153 N. Y. 644; *Hayes* v. *Hayes,* 150 App. Div. 842, affd. 208 N. Y. 600; *DiBenedetto* v. *DiBenedetto,* 248 App. Div. 604.)

The authority to award temporary alimony and to provide for the means of its enforcement rests entirely on statutory provisions which are not to be extended by implication. (*Beadleston* v. *Beadleston,* 103 N. Y. 402; *Doncourt* v. *Doncourt,* 245 App. Div. 91, affd. 275 N. Y. 470; *Mittman* v. *Mittman,* 263 App. Div. 384.)

It is true that the new section (§ 1171-b) imposes no express limitation as to when an application to enter judgment based upon an order for temporary alimony must be made. This does not necessarily mean that it was the legislative intent that such a judgment might be applied for, based upon a temporary order, after the termination of the action. It would be more consistent with the basic principle of construction, to wit: that provisions concerning the means to enforce temporary alimony are not to be extended by implication, to construe the new section to mean that the termination of an action by final judgment ended the right of the wife to enforce any intermediate order. (*Matter of Thrall, supra.*)

While I agree with the view expressed by the majority concerning the extent to which the new remedy is discretionary, I think that the new section requires that, insofar as temporary orders are concerned, enforcement by judgment must be availed of before the termination of the action. The present application was not timely.

The order should be affirmed.

MARTIN, P. J., and GLENNON, J., concur with UNTERMYER, J.; DORE and CALLAHAN, JJ., dissent in separate opinions.

Order so far as appealed from, modified as indicated in opinion of UNTERMYER, J., and as so modified affirmed, with twenty dollars costs and disbursements to the appellant. Settle order on notice.