ANASTASIA CARBULON, Respondent, *v.* JOHN R. CARBULON, Appellant.

Argued May 15, 1944; decided July 19, 1944.

*Abraham J. Halprin* and *Sidney R. Rossiter* for appellant. I. Section 1171-b of the Civil Practice Act enacted in 1939 (L. 1939, ch. 431) not being retroactive, the court had no power to enter a judgment for temporary alimony accruing from October 20, 1932, to January 10, 1938. (*Jacobus* v. *Colgate,* 217 N. Y. 235; *Waddey* v. *Waddey,* 290 N. Y. 251; *Metropolitan Cas. Ins. Co.* v. *Barr Wrecking Corp.,* 180 Misc. 200; *Querze* v. *Querze,* 290 N. Y. 13; *Jacobson* v. *Jacobson,* 85 Misc. 253, 168 App. Div. 900; *Doncourt* v. *Doncourt,* 245 App. Div. 91, 275 N. Y. 470; *Livingston* v. *Livingston,* 173 N. Y. 377; *Dowling* v. *Hastings,* 211 N. Y. 199.) II. The plaintiff's remarriage following the divorce decree branded her as the guilty party and the court therefore erred when it granted her application. The Connecticut decree was conclusive on the courts of this State and the plaintiff. (*Gehring* v. *Gehring,* 262 App. Div. 1065; *Viall* v. *Viall,* 263 App. Div. 548; *Probst* v. *Probst,* 259 App. Div. 1090, 259 App. Div. 1091; *Bannon* v. *Bannon,* 270 N. Y. 484; *Matter of Bingham,* 178 Misc. 801, 265 App. Div. 463, 290 N. Y. 929; *Kelsey* v. *Kelsey,* 204 App. Div. 116, 237 N. Y. 520; *Matter of Briggs,* 138 Misc. 136, 232 App. Div. 666; *Williams* v. *North Carolina,* 317 U. S. 287; *Matter of Holmes,* 291 N. Y. 261.) III. Since temporary alimony and counsel fees are provisional remedies dependent upon the pendency of the action, the right to enter a judgment therefor fell with the dismissal of the action. (*Bannon* v. *Bannon,* 270 N. Y. 484; *Matter of Thrall,* 12 App. Div. 235, 153 N. Y. 644; *Hayes* v. *Hayes,* 150 App. Div. 842, 208 N. Y. 600; *DiBenedetto* v. *DiBenedetto,* 248 App. Div. 604.)

*Levi R. Chase* for respondent. I. There is authority for the application made by plaintiff for a judgment for unpaid, earned

alimony and counsel fees. (Civ. Prac. Act, § 1171-b; *Preston Co.*, v. *Funkhouser*, 261 N. Y. 140.) II. The judgment of divorce in Connecticut and subsequent remarriage of plaintiff in Vermont had no effect on plaintiff's right to make this application. (*Kelsey* v. *Kelsey*, 204 App. Div. 116, 237 N. Y. 520; *Doncourt* v. *Doncourt*, 275 N. Y. 470.)

LEHMAN, Ch. J.   The plaintiff in August, 1932, commenced an action against the defendant, her husand, for a separation. After issue was joined the plaintiff made a motion for temporary alimony and counsel fee. An order was entered in October, 1932, directing the defendant " to cause to be paid to the plaintiff pending litigation as a temporary order, alimony to the amount of ten dollars ($10.00) per week ", and further directing that the question of the defendant's ability to pay alimony and counsel fee be referred to an official referee. The pendency of an action brought by the defendant against the plaintiff for annulment of the marriage on the ground of fraud, and the ill health of the Official Referee, delayed the hearing. In September, 1936, after the complaint in the action for annulment had been dismissed on the merits, the court made an order directing that the defendant pay to the plaintiff " the sum of Twenty ($20.00) dollars per week from the 20th day of October, 1932 ", and the sum of $1,000 to her counsel " as counsel fees pending this litigation." The defendant has made no payments in accordance with that order.

Defeated in the action for annulment of the marriage and in an attempt to induce the government to deport the plaintiff on the ground that she was an alien who had entered the country illegally, the defendant moved to Connecticut where, in May 1937, he obtained a decree of divorce from the plaintiff on findings that she had willfully deserted her husband. The wife did not appear in the Connecticut divorce action and was not personally served in the State of Connecticut. If, at that time, the plaintiff had prosecuted her pending action for separation, the courts of this State would have refused to give any effect to the foreign divorce and it could not have been urged successfully as a defense to the separation action. This plaintiff could not, however, assert that the marriage relation with the defendant remained unaffected by the foreign decree and at

the same time assert that she had legal capacity to marry another. In January 1938, she married another in Vermont. Then she could no longer challenge the foreign decree dissolving her marriage to the defendant or prosecute her action for separation and support.

When the plaintiff chose to abandon her right to prosecute her action for separation she lost the right to enforce payment of alimony or counsel fee. Past due installments of alimony which a husband was directed to pay during the pendency of an action, did not at that time constitute a debt upon which judgment could be entered. The power of the court to direct such payment is conferred by statute as incidental relief that may be granted in the action, and under the statute the only remedy available for failure of a husband to pay the sums directed was an application *in the action* for an order of sequestration or an order punishing the defendant for contempt. The right to the unpaid alimony and the remedies for the enforcement of that right are inextricably intertwined. The right could not survive the extinction of the statutory remedies. (*Doncourt v. Doncourt*, 245 App. Div. 91, affd. 275 N. Y. 470.)

After the plaintiff had abandoned her right to prosecute her action for separation and to enforce the payment of alimony the Legislature in 1939 (L. 1939, ch. 431) enacted section 1171-b of the Civil Practice Act providing that when the husband in an action for divorce or separation makes default in the payment of any sum of money as required by an order of the court directing the payment thereof, the court may direct the entry of a judgment for such arrears. The plaintiff has moved for an order directing the entry of a judgment for unpaid alimony and counsel fees as provided in the new section. The defendant has moved for judgment dismissing the complaint in the separation action. The Appellate Division has held that the defendant is entitled to judgment dismissing the complaint and that the plaintiff is entitled to judgment for the unpaid counsel fee — though the plaintiff has abandoned her right of action — and for the unpaid alimony to the date of her remarriage. The plaintiff has not appealed from the judgment dismissing the complaint in the separation action. The defendant has appealed from the money judgment entered against him in accordance with the provisions of section 1171-b.

We think that the remedy created by that section is not available to the plaintiff. Remedial procedural statutes are frequently intended to apply to existing rights then enforcible by other remedies. In this case the statute expressly so provides: "The relief herein provided for is *in addition* to any and every other remedy to which the wife may be entitled under the law." The statute cannot reasonably be construed in manner which would provide a new remedy after the time had expired during which the wife could have ·~forced her right to alimony by other remedies. The statute is not intended to revive rights which no longer were enforcible by any existing remedy.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, without costs.

LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgment accordingly.