CATHERINE WALTERS, Plaintiff, *v.* JACK WALTERS, Defendant.

Supreme Court, Special Term, Queens County, June 3, 1949.

*Samuel Finkelstein* for plaintiff.

*Rhea Josephson* for defendant.

CUFF, J. Motion by plaintiff for leave to enter judgment for unpaid temporary alimony pursuant to section 1171-b of the Civil Practice Act in a separation action, instituted by the wife, wherein, after a trial, the complaint was dismissed on the merits.

Section 1171-b fails to state whether the judgment provided for therein may be entered after final decree has been entered. (*Treherne-Thomas* v. *Treherne-Thomas,* 267 App. Div. 509 [1st Dept.].) Prior to the enactment of section 1171-b (L. 1939, ch. 431, eff. Sept. 1, 1939), claims for unpaid alimony *pendente lite* fell with the entry of final judgment (*Doncourt* v. *Doncourt,* 245 App. Div. 91, affd. 275 N. Y. 470; *Treherne-Thomas* v. *Treherne-Thomas, supra*); even a motion to punish for contempt will not lie (*Mittman* v. *Mittman,* 263 App. Div. 384). In *Wormley* v. *Wormley* (267 App. Div. 85 [Nov., 1943]), a wife was permitted to enter a judgment under section 1171-b after entry of final decree. But in that case the wife was successful at the trial. In *Treherne-Thomas* v. *Treherne-Thomas* (*supra*), decided March, 1944, a wife, unsuccessful at the trial, was permitted to enter an 1171-b judgment. The court was divided, three to two. *Carbulon* v. *Carbulon* (293 N. Y. 375), decided in July, 1944, denied the right to enter such a judgment to a wife who had abandoned her separation action, in which she moved, by remarrying during its pendency, her husband having obtained a divorce in another State in the meantime.

In *Saunders* v. *Saunders* (63 N. Y. S. 2d 880) in which leave was demanded to enter an 1171-b judgment in an annulment action brought by the husband based upon the wife's fraud wherein the husband prevailed, COYNE, J., points to a difference between the First and Second Departments as to " timeliness " of entering 1171-b judgments. Tripp, in his new revised edition of " A Guide to Motion Practice ", states (p. 388) : " The tenor of the decisions in the Second Department seems to be the con-

trary [contrary to the First Department's *Treherne-Thomas* case, *supra*] — unpaid temporary alimony may not be docketed as a judgment after the action has ceased to exist because of the entry of judgment dismissing the wife's complaint.'' It had been recognized for many years (before enactment of 1171-b) that all intermediate, preliminary and provisional orders fell upon entry of judgment in a matrimonial action. (*Matter of Thrall*, 12 App. Div. 235, affd. 153 N. Y. 644; *Hayes* v. *Hayes* 150 App. Div. 842, affd. 208 N. Y. 600.)

I think that the state of the law, particularly in the light of the ruling by the Court of Appeals in *Carbulon* v. *Carbulon* (*supra*) which decision had not been rendered at the time the *Treherne-Thomas* case (*supra*) was decided by the First Department, justifies the holding that an 1171-b judgment may not be docketed after entry of judgment dismissing the wife's complaint on the merits.

But there is a further reason why this and all similar applications where a wife has failed on the merits at the trial should be denied. I consider section 1171-b allows the court to exercise its discretion although the prevailing opinion in the *Treherne-Thomas* case (*supra*) tends to a contrary view, whereas both dissenting opinions in that case and Tripp in his book (*supra*, p. 387, par. 6) support the attitude taken by this court, that discretion reposes in the court. A decision against a wife at the trial on the merits means that her suit was one, when she instituted it, in which she was not likely to succeed and therefore, was not entitled to *pendente lite* relief. (*Brinkley* v. *Brinkley*, 50 N. Y. 184, 194.) Of course, the court allowing the *pendente lite* relief had no way of knowing that. It acted upon the proof before it at the time. But now the court knows that the wife had no case upon which to base the *pendente lite* order which she now seeks to reduce to a money judgment. Having gained that knowledge it should act upon it and not continue the injustice which was perpetrated upon the husband.

The ready criticism of this analogy is that such disposition of an 1171-b motion places a premium upon disobedience of a *pendente lite* order. While a husband may profit by such disobedience, he depends for his success upon his wife's inaction. Of the two dilemmas presented, one, possible reward for disobedience of an order, and the other, dogged enforcement of an order which, had the truth been known, would never have been made, the judicial view should be to correct the wrong done to the end that the nearest approach to justice should be permitted to prevail.

Motion denied.