Shientag, J.
The plaintiff wife appeals from so much of an order made at Special Term as denied her motion for an order (1) directing the sequestration receiver herein, who in *735 January, 1949, had found and sequestered in New York over $129,000 of cash and securities belonging to this nonresident defendant, to satisfy from such fund unpaid arrears of temporary alimony and counsel fees totaling $15,142.50, with interest thereon to the date of payment, and (2) directing the entry" of judgment for such temporary alimony and counsel fees arrears, plus interest, pursuant to section 1171-b of the Civil Practice Act.
As pointed out in the opinion of the learned court at Special Term, the parties were married in February, 1928. A daughter of the marriage, suffering from a physical disability, was born in January, 1929. Thereafter the defendant abandoned his wife and child and the wife commenced an action for separation in November, 1929. In December, 1929, an order was made granting temporary alimony in the sum of $50 per week which was reduced later, in February, 1930, to $40 per week. In 1930, a receiver in sequestration was appointed and in February, 1938, judgment in favor of the wife was entered in the separation action. Except for trifling sums, the husband was as delinquent in payment of permanent alimony as he had been in temporary alimony. Before the time of the entry of the final judgment, defendant had been adjudged in contempt for failure to pay alimony and owed approximately $15^000. At the time the instant application was made, the wife claimed that her husband owed her $15,142.50 in temporary alimony and $7,641 in permanent alimony. The court below, in his opinion, says: “ The papers disclose a history of defendant’s callous indifference to the needs of his wife and child. He not only abandoned them, but by remaining outside of the state for almost nineteen years, without disclosing his whereabouts, he made it impossible for plaintiff to enforce the orders of this court. Defendant’s attempted explanations of his actions are factitious and unconvincing. Plaintiff has, only by an unusual stroke of fortune, been able to discover assets in this state, which defendant owns and which have been seized by a receiver appointed by this court.”
When these assets, amounting to approximately $129,000 in cash and securities, were discovered, the original receiver in sequestration, who had been appointed in 1930, conld not be found, and a substitute receiver was appointed on December 30,1948. This court has previously affirmed two orders appointing the substitute receiver and continuing the sequestration proceedings (Mazer v. Mazer, 276 App. Div. 833). The court *736 below directed payment, out of the funds in the hands of the receiver in sequestration, of the accrued permanent alimony amounting to some $7,641, together with interest thereon, and the sum of $2,500 on account of counsel fees in connection with the making of the motion here involved. The court held however that “ unfortunately ” he could not direct the receiver to satisfy the arrears of temporary alimony because (1) all arrears of temporary alimony merged in plaintiff’s successful separation judgment of 1938, and (2) section 1171-b, which. since September 1, 1939, permits the entry of judgment for temporary alimony, was enacted subsequent to plaintiff’s successful judgment and ‘ ‘ has no retrospective application to judgments entered before its enactment.” With that conclusion we do not agree.
Before the enactment of section 1171-b of the Civil Practice Act in 1939 there was no power to enter judgment for unpaid temporary alimony. The order for temporary alimony could be enforced only by motion to punish for contempt or by sequestration proceedings (Doncourt v. Doncourt, 245 App. Div. 91, affd. 275 N. Y. 470). We are of the opinion, however, that orders for temporary alimony remained effective if proceedings for contempt or for sequestration were instituted prior to the final judgment; that such proceedings remained alive notwithstanding the entry thereafter of a final judgment; and that the doctrine of merger has no application to such proceedings instituted before the final judgment.
The 1930 sequestration order directed the receiver to take possession of the defendant’s property and to hold the same “until the further order of this Court.” Sections 1171 and 1171-a of the Civil Practice Act, as they then stood and now stand, and the 1930 sequestration order made pursuant thereto, did not say or purport to say that the remedy of sequestration had to be finally consummated and concluded prior to the entry of the wife’s judgment. They provided that the sequestered property was to be applied “ from time to time, under the direction of the court * * * as justice requires ” to moneys owing under ‘ ‘ a judgment rendered or an order made, ’ ’ and, as section 1171-a puts it, “ during the pendency of the action or at the termination thereof.” We do not read into these provisions any intention on the part of the lawmakers that a sequestration order necessarily ended with a plaintiff’s successful judgment. No case has been brought to our attention *737 specifically deciding that a sequestration order obtained before judgment becomes a nullity with the entry of judgment. To so hold would reward an absconding husband rather than subject him to liability for disregarding orders of the court for the support and maintenance of wife and child.
It has been held that after a final judgment has been entered no proceedings to enforce the payment of temporary alimony may be had by way of motion to punish for contempt or sequestration (Mittman v. Mittman, 263 App. Div. 384; Cutrone v. Cutrone, 176 Misc. 988, affd. 262 App. Div. 992; DiBenedetto v. DiBenedetto, 248 App. Div. 604). It is undoubtedly true, moreover, that the statutory remedies given to enforce temporary alimony necessarily require an action to which such remedies would adhere, and that if the wife had lost or abandoned her action she had thereafter no remedy to enforce payment of such temporary alimony (Matter of Thrall, 12 App. Div. 235, affd. 153 N. Y. 644; Hayes v. Hayes, 150 App. Div. 842, affd. 208 N. Y. 600; Kellogg v. Stoddard, 89 App. Div. 137). This rule applies also to the situation that was presented in Carbulon v. Carbulon (293 N. Y. 375) where the wife’s action for separation was rendered nugatory by her marriage before judgment, thus giving effect to a prior divorce obtained by her first" husband.
As has been stated, at the time the plaintiff obtained her separation judgment in 1938 she could not then have entered a money judgment for her arrears of temporary alimony. To correct this obvious inequity, particularly in the case of husbands who had fled the State, the Legislature, in 1939, enacted section 1171-b of the Civil Practice Act, which permitted the entry of judgment where the husband defaulted “ in paying any sum of money as required by the judgment or order directing the payment thereof,” its particular purpose being to permit the entry of judgment for arrears unpaid under an order awarding temporary alimony, ah additional remedy not theretofore available. Section 1171-b expressly provided “ the relief herein provided for, is in addition to any and every other remedy to which the wife may be entitled under the law. ’ ’
In Wormley v. Wormley (267 App. Div. 85) it was held that section 1171-b authorized a judgment for accrued temporary alimony after the entry of final judgment in the action. In that case, to be sure, the accrued temporary alimony had its origin in orders made after section 1171-b became effective. Nevertheless it would seem that, to the extent to which section *738 1171-b applies, the doctrine of merger of orders for temporary alimony in the final judgment has no application.
Section 1171-b clearly is a remedial statute and is applicable to rights accruing before its passage, and may be given retrospective effect insofar as the statute provides a change in the form of remedy or provides a new remedy for an existing wrong. (Cf. Shielcrawt v. Moffett, 294 N. Y. 180, 188, 189.)
It has been suggested that, although prior to 1939 a wife could not include temporary alimony arrears as a money judgment in her judgment of separation or divorce, a court of equity always had the power, in its discretion, to order the payment of permanent alimony nunc pro tunc as of the date of the commencement of the action (Mittman v. Mittman, 263 App. Div. 384, supra). No such application is here made, and it is unnecessary to consider whether, under the broad powers to modify the provisions for alimony in a judgment for separation or divorce, the court at this time would have the power to make such a direction.
The respondent husband contends that, in any event, under section 1171-b, as amended by chapter 112 of the Laws of 1948, the court could and should have exercised its discretion in favor of the husband and denied the wife a judgment for temporary alimony. That point, it is true, was not specifically passed upon by the learned court at Special Term because he held that he was without power to grant the wife the relief sought. However, his opinion indicated clearly that he would not have exercised his discretion in favor of the husband, and there is nothing in the papers before us which would warrant the exercise of such discretion. "We hold, therefore, that the order below, insofar as appealed from, should be reversed, with costs to the appellant, and that the plaintiff’s motion be granted as requested. Settle order.
Peck, P. J., and Glennon, J., concur; Dore and Callahan, JJ., dissent and vote to affirm.
Order, so far as appealed from, reversed, with $20 costs and disbursements to the appellant. Settle order on notice.