JOSEPHINE POLIZOTTI, Respondent, *v.* CARMELLO POLIZOTTI, Appellant.

Argued January 5, 1953; decided April 9, 1953.

*Robert F. Armstrong, Irving I. Erdheim* and *Edward M. Chapian* for appellant. I. The complaint in respondent's action for separation having been dismissed on the merits, there remained no jurisdiction, as a matter of law, either in the Supreme Court to make an order adjudicating appellant in contempt for failure to pay accrued temporary alimony, or in

the Appellate Division to modify, and affirm as modified, the order of the Supreme Court. (*Hayes* v. *Hayes,* 150 App. Div. 842, 208 N. Y. 600; *Matter of Thrall* v. *Thrall,* 12 App. Div. 235, 153 N. Y. 644; *Mittman* v. *Mittman,* 263 App. Div. 384; *Di Benedetto* v. *Di Benedetto,* 248 App. Div. 604; *Saunders* v. *Saunders,* 63 N. Y. S. 2d 880; *Mills* v. *Mills,* 95 Misc. 231; *Matter of Hudes,* 128 Misc. 362; *Jacobson* v. *Jacobson,* 85 Misc. 253; *Weber* v. *Weber,* 93 App. Div. 149; *Kellogg* v. *Stoddard,* 89 App. Div. 137; *Cutrone* v. *Cutrone,* 176 Misc. 988, 262 App. Div. 992.) II. The Supreme Court acted outside the scope of the powers vested in it by section 753 of the Judiciary Law when it adjudicated appellant in contempt after the complaint in the separation action had been dismissed. (*Kellogg* v. *Stoddard,* 89 App. Div. 137; *Mittman* v. *Mittman,* 263 App. Div. 384.) III. The case of *Mazer* v. *Mazer* (276 App. Div. 733) is not controlling here, it being clearly distinguishable on its facts. (*Hayes* v. *Hayes,* 150 App. Div. 842, 208 N. Y. 600; *Matter of Thrall* v. *Thrall,* 12 App. Div. 235, 153 N. Y. 644.)

*Paul M. Klein* for respondent. The court had jurisdiction to make the order. (*Mazer* v. *Mazer,* 276 App. Div. 733, 301 N. Y. 774; *Shepard* v. *Shepard,* 99 App. Div. 308; *Van Ness* v. *Ransom,* 215 N. Y. 557; *Livingston* v. *Livingston,* 173 N. Y. 377.)

LOUGHRAN, Ch. J. The plaintiff is the wife of the defendant. In 1947, she commenced against him an action for a separation and moved therein for temporary alimony and counsel fees. Special Term granted her motion by an order which required him to pay to her temporary alimony at the rate of $25 a week and counsel fees of $250. In October, 1951, she moved to punish him for his failure to make payment of the moneys awarded to her by the court. But before that motion was heard, her separation action had been reached for trial on the merits and the Trial Judge had directed dismissal of the complaint. Two days thereafter, an Official Referee of the Supreme Court held a hearing upon her motion to punish the defendant for contempt but that motion was not decided until after the defendant had entered judgment dismissing the complaint in the separation action. Even so, the Official Referee by an order dated January 15, 1952, adjudged the defendant to be guilty of a civil contempt of court.

From that determination, the defendant appealed to the Appellate Division where, by an order dated May 26, 1952, (1) the contempt order was modified by dating it *nunc pro tunc* as of the day on which the motion for that order was heard by the Official Referee, and (2) the contempt order as so modified was affirmed.

By leave of the Appellate Division, the defendant has brought the case to us upon the following questions certified: " Did the Supreme Court, as a matter of law and not in the exercise of discretion, have jurisdiction or power to make the order dated January 15, 1952? " " Did this court, as a matter of law and not in the exercise of discretion, have the jurisdiction or power to make its order dated May 26, 1952, modifying the above order of the Supreme Court? "

The Supreme Court may award temporary alimony to a wife during the pendency of a separation action (Civ. Prac. Act, § 1169). Such an allowance is frequently referred to as alimony *pendente lite* and is awarded to enable the wife to support herself until the action is decided (see *Bannon* v. *Bannon,* 270 N. Y. 484). We have held that the right to enforce payment of temporary alimony ends when the action in which it was awarded is terminated by settlement, abandonment, discontinuance, or dismissal of the complaint (*Matter of Thrall* v. *Thrall,* 12 App. Div. 235, affd. 153 N. Y. 644; *Hayes* v. *Hayes,* 150 App. Div. 842, affd. 208 N. Y. 600; *Conklin* v. *Conklin,* 201 App. Div. 170, affd. 234 N. Y. 546; *Carbulon* v. *Carbulon,* 293 N. Y. 375). Hence the first question certified should be answered in the negative.

*Mazer* v. *Mazer* (276 App. Div. 733, mod. 301 N. Y. 774) is a different case. We there held that an order for temporary alimony and orders of sequestration, contempt and commitment made during the pendency of a separation action did not fall upon the entry of a final judgment in favor of the wife.

We turn now to the second question certified. The Supreme Court has power to make an order which will take effect retroactively as of the return day of a motion, if the court has jurisdiction of the action or special proceeding in which the motion was made (Civ. Prac. Act, § 113, 127; *Matter of Jetter,* 78 N. Y. 601, 605; see *Harris* v. *Harris,* 259 N. Y. 334). But in the present case the entry of judgment dismissing the complaint

deprived the court of jurisdiction of the motion made by the plaintiff to punish the defendant for civil contempt of court and, that being so, there was no warrant for making such an order *nunc pro tunc* (*Stock* v. *Mann,* 255 N. Y. 100, 103; *Mohrmann* v. *Kob,* 291 N. Y. 181, 186). Hence the second question certified should be answered in the negative.

The order of the Appellate Division and that of the Official Referee of the Supreme Court should be reversed, without costs, and the motion to punish defendant for civil contempt of court denied. The questions certified should be answered in the negative.

Opinion prepared by LOUGHRAN, Ch. J., who died before the decision.

LEWIS, CONWAY, DYE, FULD and FROESSEL, JJ., concur; DESMOND, J., taking no part.

Order reversed, etc.