■ SHAGUFTA SIDDIQUI, Respondent, v SHAHID M. SIDDIQUI, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated May 15, 1985, which granted that branch of the wife's motion which was for a money judgment against him pursuant to Domestic Relations Law § 244 for arrears in the sum of $10,214.50 plus interest, and which ordered a hearing on that branch of her motion which was for an award of counsel fees.

On the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal from so much of the order appealed from as directed an evidentiary hearing on the issue of counsel fees, said application is referred to Presiding Justice Mollen, and leave to appeal is granted by Presiding Justice Mollen.

Order modified, on the law, by adding a provision thereto declaring that in securing a calendar date for the evidentiary hearing on the issue of counsel fees, the plaintiff must file an affidavit in the form required by 22 NYCRR 202.16 (b). As so modified, order affirmed insofar as appealed from, with costs payable by the defendant.

The plaintiff commenced this divorce action, and on November 2, 1984, was granted an award of temporary maintenance in an order of Justice Lama. By order to show cause dated February 4, 1985, returnable March 13, 1985, the plaintiff

sought leave to enter a money judgment against the defendant, pursuant to Domestic Relations Law § 244, for purported arrears under the pendente lite order, and sought counsel fees for the making of the application, as well as other relief. On May 15, 1985, Justice Lama granted this motion to the extent of granting the plaintiff leave to enter a money judgment against the defendant and ordering an evidentiary hearing on the issue of the plaintiff's counsel fees. In the meantime, the plaintiff's cause of action for divorce had been dismissed by Justice Campbell in an order dated February 20, 1985. On March 8, 1985, the plaintiff obtained an order to show cause containing a temporary stay of the dismissal pending an application to Justice Campbell for renewal and reargument of a motion which resulted in the order of dismissal. The plaintiff's motion was denied by Justice Campbell on May 23, 1985.

The enforcement of an order awarding temporary maintenance by granting leave to enter a money judgment for arrears, pursuant to Domestic Relations Law § 244, is proper even after the matrimonial action in which the order arose is dismissed on the merits (see, Treherne-Thomas v Treherne-Thomas, 267 App Div 509). Polizotti v Polizotti (305 NY 176), although it employs language to the effect that the right to enforce payment of temporary maintenance ends when the action in which it was awarded is terminated by settlement, abandonment, discontinuance, or dismissal of the complaint, only concerned the right to enforce temporary maintenance awards through contempt proceedings pursuant to former Civil Practice Act § 1172, and did not overrule prior cases which allowed enforcement by entry of a money judgment even after the action was dismissed or judgment was entered awarding the matrimonial relief requested (see, Treherne-Thomas v Treherne-Thomas, supra; Wormley v Wormley, 267 App Div 85; Mittman v Mittman, 263 App Div 384). Similarly, Carbulon v Carbulon (293 NY 375), and cases following it are distinguishable as they involved actions which were abandoned and not actions which were dismissed. We find that distinction to be significant.

The plaintiff's application for counsel fees failed to comply with 22 NYCRR 202.16 (b), requiring the moving papers to include an affidavit in the official prescribed form. Since the trial court did not determine the issue of counsel fees but simply directed an evidentiary hearing on the matter, we will modify by adding a provision to the order appealed from directing that when the plaintiff obtains a calendar date for

the hearing she must file an affidavit in the form required by 22 NYCRR 202.16 (b). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.