Vincent A. Lupiano, J.
Defendant moves for an order committing the plaintiff to the common jail of this county until he shall have paid the sum ordered to be paid by him in the order of this court dated January 6, 1958. In 1955 the plaintiff (husband) instituted an action for divorce against the defendant (wife). By order of this court, dated April 19, 1955, plaintiff was directed to pay to defendant, pendente lite, the sum of $35 per week for the support and maintenance of the infant child of the parties and, further to pay the rent and utilities bills of the apartment then occupied by the defendant and the child ; the order did not provide for the support of the defendant.
Following joinder of issue by defendant’s amended answer, which included a counterclaim for a separation, and the service of plaintiff’s reply, issues of defendant’s adultery were framed and assigned for trial by jury on April 3, 1956. After several conferences between the parties and their attorneys, a stipulation of settlement was dictated into the court record on or about April 4, 1956, under the terms of which the plaintiff discontinued his action for divorce; however, no provisions therein were made for the discontinuance of defendant’s counterclaim for separation. In paragraph 7 the agreement provided: ‘ ‘ Each party agrees to sign any paper or agreement necessary to effectuate this agreement.”
Apparently believing that it was necessary for both parties to sign the agreement and to enter judgment thereon, the defendant sought to have plaintiff sign a copy of the agreement which had been entered into in open court; this failed, and defendant’s attorneys on or about February 15, 1957 submitted a proposed decree of separation which incorporated much of the language of the stipulation of settlement. Plaintiff thereupon opposed the entry of the proposed judgment of separation and moved to vacate the stipulation of settlement. By order of this court dated September 6, 1957 defendant’s application for the entry of the proposed judgment of separation was denied, the stipulation of settlement and discontinuance was vacated and the case was restored to the calendar for trial. However, this order was later reversed by the Appellate Division (5 A D 2d 168), upon the defendant’s appeal.
In the interim, from September 6, 1957 and while the appeal was pending, defendant moved to punish plaintiff for contempt for failure to make the payments required for the support of the infant child and to pay the rent and utilities as directed in the order of April 19, 1955. This motion was granted by order dated January 6,1958, which fined plaintiff the sum of $1,198.94, *633 the amount of his arrears, and provided that plaintiff might purge himself of the contempt by paying the fine in two installments. Plaintiff failed to make such payments and defendant then made the instant application, now before me, for an order of commitment. This application was originally returnable on February 18, 1958 but was adjourned at plaintiff’s request to February 27, 1958. However, on said February 18, 1958, the order of this court dated September 6,1957, vacating the settlement and discontinuance, was reversed by the Appellate Division and the stipulation of settlement and discontinuance was reinstated. This, then, is the chronological course of events preceding the instant motion.
The cases relied upon by plaintiff in opposing this motion for an order of commitment do not involve the failure to make payments for the support of an infant child, but, rather, the failure to make alimony payments for the support of a wife only. This distinction has some importance here. In matrimonial actions the court has jurisdiction with respect to the proper support of children regardless of the agreement of the parties, but as to them the directions must be such “ as justice requires ”, subject to later modification (Kunker v. Kunker, 230 App. Div. 641, 645). The order of January 6,1958, which granted defendant’s motion to punish plaintiff for contempt was based upon plaintiff’s violation of an order directing him to pay for support of an infant. Moreover, the stipulation of settlement and discontinuance specifically discontinued plaintiff’s action for divorce, and not defendant’s counterclaim for a separation; more pointedly, the order which adjudged plaintiff in contempt and the present order to show cause for an order of commitment for plaintiff’s failure to purge himself of the contempt were both issued while the action was still pending as a result of the order of September 6, 1957, which had vacated the stipulation of settlement and discontinuance and restored the case to the calendar for trial. This order was not reversed by the Appellate Division until February 18, 1958. The case of Polizotti v. Polizotti (305 N. Y. 176), relied upon by plaintiff, is inapplicable to the facts here, for in that case the motion to punish for contempt for failure to make payments pursuant to a temporary award was not heard until after dismissal of the separation action and the Court of Appeals held that the court was without power to hold the husband in contempt, nor did it have the power to modify the contempt order by dating it nunc pro tune. Here, as aforesaid, the plaintiff had, long before the termination of the divorce action by the Appellate Division’s *634 reversal, been held in contempt. In refusing- to obey the contempt order the plaintiff defied a direction of the court. The court has inherent power to punish for contempt (Lowenthal v. Hodge, 120 App. Div. 304, 308).
Accordingly, the motion for order of commitment is granted. Settle order.